2003 SD 152

**BLACK HILLS CENTRAL RAILROAD CO., a South Dakota Corporation, Plaintiff and Appellee,**

v.

**CITY OF HILL CITY, a South Dakota Corporation, Defendant and Appellant.**

**No. 22626.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 25, 2003.

Decided Dec. 30, 2003.

James F. Margadant of Margadant Law Office, Rapid City, for plaintiff and appellee.

Lynn A. Moran, Custer, for defendant and appellant.

ROEHR, Circuit Judge.

[¶ 1.] The circuit court granted the application of Black Hills Central Railroad Co. (Railroad) for a peremptory writ of mandamus requiring the City of Hill City (City) to approve Railroad's plat. City appeals. We affirm.

### FACTS

[¶ 2.] Railroad owned several parcels of real property in City. City had a sewer main on Railroad's property pursuant to a license granted by Railroad in 1953. In the early 1990s, Railroad acquired additional parcels. The additional parcels were contiguous to each other and to the original railroad property.

[¶ 3.] In the early 1990s, the State of South Dakota (State) completed a highway by-pass project in the area. As part of the project, City's original sewer main was removed from Railroad's property and a new sewer main was installed on a different portion of Railroad's property. At various times both before and after installation, City and Railroad discussed and negotiated for an easement or license for the new sewer main. However, the discussions and negotiations failed and no license or easement was ever granted.

[¶ 4.] State owned four surplus lots in the immediate area. Railroad was negotiating to buy them from State, but City exercised its statutory right and purchased the lots. City then attempted to resell the lots to Railroad. City's asking price included the sewer easement it had been unable to obtain from Railroad. These negotiations also failed. Subsequently, City sold the four lots to Railroad for a purchase price that did not include the desired easement.

[¶ 5.] After the sale of City's lots to Railroad, Railroad sought to replat several of its lots into one lot. City's planning commission denied the plat because it contained incorrect measurements. Railroad then submitted a corrected plat. The planning commission recommended approval of this plat subject to obtaining an easement for the existing sewer line.

[¶ 6.] When the plat and the planning commission's recommendation were presented to the city council, the council tabled the matter. Sixteen days later, on May 28, 2002, the city council met again. After meeting in executive session, the council resumed its regular session and, by motion, withheld approval of the plat pending inclusion of a sewer line easement.

[¶ 7.] Following the city council's action, Railroad applied for a writ of mandamus compelling City's approval of its plat. After a trial, the circuit court entered a peremptory writ of mandamus requiring City to approve the plat. City appeals.

### ISSUE

[¶ 8.] **Under SDCL 11–3–6, may a city refuse to approve a plat because**

the plat does not depict and dedicate an easement for a sewer line previously installed without an easement?

## STANDARD OF REVIEW

■■■ [¶ 9.] The circuit court has discretion in granting or denying a writ of mandamus. Consequently, the standard of review on appeal is abuse of discretion. *Douville v. Christensen,* 2002 SD 33, ¶ 5, 641 N.W.2d 651, 653; *Willoughby v. Grim,* 1998 SD 68, ¶ 6, 581 N.W.2d 165, 167.

■■■ [¶ 10.] Our standard of review for statutory interpretation is de novo, without deference to the trial court's interpretation. *Douville,* 2002 SD 33 at ¶ 6, 641 N.W.2d at 653.

[¶ 11.] Finally, our standard of review for the trial court's findings of fact is the clearly erroneous standard. SDCL 15–6–52(a); *R & S Const. Co. v. BDL Enter.,* 500 N.W.2d 628, 630 (S.D.1993).

## DECISION

[¶ 12.] South Dakota law provides:

The writ of mandamus may be issued by the Supreme and circuit Courts, to any inferior tribunal, corporation, board, or person, *to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station;* or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

SDCL 21–29–1 (emphasis added). In addition, the "writ of mandamus must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." SDCL 21–29–2.

■■■ [¶ 13.] Because mandamus is an extraordinary remedy, a writ will be issued only when the duty to act is clear:

Mandamus is a potent, but precise remedy. Its power lies in its expediency; its precision in its narrow application. It commands the fulfillment of an existing legal duty, but creates no duty itself, and acts upon no doubtful or unsettled right. To prevail in seeking a Writ of Mandamus, the petitioner *must have a clear legal right to performance of the specific duty* sought to be compelled and the respondent must have a definite legal obligation to perform that duty.

*Baker v. Atkinson,* 2001 SD 49, ¶ 16, 625 N.W.2d 265, 271 (emphasis original) (quoting *Sorrels v. Queen of Peace Hosp.,* 1998 SD 12, ¶ 6, 575 N.W.2d 240, 242) (citations omitted).

■■■ [¶ 14.] To complete our analysis, we must determine whether the specific duty involved is ministerial or discretionary. Mandamus, as discussed above, is available to compel performance of ministerial duties. However, in the case of discretionary functions, the question is whether the particular entity abused its discretion.

If the service or action which one seeks to compel is discretionary the proper exercise of such discretion will not be interfered with. This is not to say that there are no checks on discretion.

" ... The discretion must be exercised under the established rules of law, and it may be said to be abused within the foregoing rule where the action complained of has been arbitrary or capricious, or based on personal, selfish, or fraudulent motives, or on false information, or on a total lack of authority to act, or where it amounts to an evasion of a positive duty ... or where the exercise of the discretion is in a manner entirely futile and known by the officer to be so and there are

other methods which if adopted would be effective."

*State v. Richards,* 61 S.D. 28, 38–39, 245 N.W. 901, 905 (1932) (citations omitted). Moreover, an erroneous view of the law is sufficient to constitute an abuse of discretion. *Richards, supra.*

We must therefore ascertain whether the issuance of these permits is a discretionary function. If it is merely ministerial, mandamus will lie. If it is discretionary, we must further ascertain whether the Board abused its discretion and if so, mandamus will lie; otherwise, mandamus is improper.

*S.D. Trucking Ass'n v. S.D. Dept. of Transp.,* 305 N.W.2d 682, 684 (S.D.1981). *Accord Crowley v. Spearfish Ind. School Dist.,* 445 N.W.2d 308, 311 (S.D.1989); *Hendriks v. Anderson,* 522 N.W.2d 499, 501 (S.D.1994).

[¶ 15.] SDCL 11-3-6 governs the approval or denial of Railroad's replat. In pertinent part, it provides:

> The provisions of this chapter apply to every addition to, or subdivision within, any county, municipality or unincorporated town. If the land or any part of the land included in any addition or subdivision is within, adjoining, or contiguous to the boundaries of any municipality, the plat, before being recorded, shall be submitted to the governing body or, if applicable, the planning director of the municipality. If it appears that the system of streets set forth therein conforms to the system of streets of the existing plats of the municipality, that all provisions of any subdivision regulations have been complied with, that all taxes and special assessments upon the tract or subdivision have been fully paid, and that such plat and the survey thereof have been executed according to law, the governing body shall, by resolution, approve the plat.

Under the statute, if the four requirements are met (conforming system of streets, subdivision regulations complied with, taxes and special assessments paid, and plat and survey executed according to law), the governing body "shall" approve the plat.

[¶ 16.] We have previously recognized that approval or disapproval of a proposed plat requires a city to exercise its judgment and is a discretionary function. In *Lohman v. City of Aberdeen,* 246 N.W.2d 781 (S.D.1976), Lohman sought approval of a plat for land lying within the joint jurisdiction of Brown County and the City of Aberdeen. As such, approval of the plat involved application of SDCL 11-6-26, not SDCL 11-3-6. The planning commissions for both Brown County and the City of Aberdeen approved Lohman's plat. However, Aberdeen's city commission subsequently disapproved the plat. Lohman brought a mandamus action against the City of Aberdeen in circuit court. The circuit court issued a writ compelling approval of the plat. On appeal to this Court, one of the issues presented was whether the city commission had any discretion under SDCL 11-6-26 to approve or disapprove the plat after it had been approved by the two planning commissions. In holding that the city commission had discretion, we said:

> Essential and valuable as the recommendations of the planning commission members may be, however, we cannot believe that the legislature intended that the governing body of a municipality should be relegated to the role of ministerially approving all plats that have been found by the planning commission to be in compliance with the local comprehensive plan and subdivision regulations. It is our opinion that the governing body of a municipality has an independent, nondelegable duty to exercise its considered judgment

whether to approve or disapprove a proposed plat. This discretionary authority is, of course, not unfettered, as respondents concede, and where refusal to approve a plat is withheld arbitrarily and capriciously, or is based upon invalid grounds or grounds not warranted by law, the governing body may be compelled to approve the plat by mandamus.

*Lohman,* 246 N.W.2d at 785.

[¶ 17.] SDCL 11–3–6 provides that the governing body "shall" approve the plat if the four requirements are met. "[T]he term, shall, manifests a mandatory directive and does not confer any discretion in carrying out the action so directed." SDCL 2–14–2.1. *See also Willoughby,* 1998 SD 68 at ¶ 9, 581 N.W.2d at 168; *Fritz v. Howard Tp.,* 1997 SD 122, ¶ 15, 570 N.W.2d 240, 242. Thus, the governing body of a municipality has some discretion in reviewing a plat and the requirements of SDCL 11–3–6. However, once the four requirements of the statute have been met, approval of the plat is mandatory; approval then becomes a ministerial function. *See* 4 Kenneth H. Young, Anderson's American Law of Zoning § 28.04 (4th ed. 1997); 83 Am.Jur.2d *Zoning and Planning* § 973 (2003).

[¶ 18.] In its findings of fact, the circuit court found that City's planning commission unanimously approved the plat and recommended approval by the city council upon the condition that Railroad grant a permanent easement for the sewer line. The circuit court also found that the city council refused to approve the plat unless and until Railroad granted or dedicated the sewer easement. Finally, the circuit court found that the city council never considered other grounds for denial of the plat and that none were asserted by City until the circuit court hearing on the alternative writ of mandamus. On appeal, City challenges these findings. City argues that an additional basis for the conditional approval by the planning commission and the denial by the city council was the failure of the plat to comply with subdivision regulations.

[¶ 19.] The minutes of the planning commission meeting are the only record of the proceedings at that meeting. In pertinent part, the minutes read:

Verchio moved, G. Sullivan seconded to approve the Black Hill Central Railroad plat subject to the city obtaining a utility easement to be shown on the north edge of plat map, reflecting the existing sewer line. Vote all aye.

[¶ 20.] Likewise, the minutes of the May 28 city council meeting are the only record of the proceedings at that meeting. In pertinent part, the minutes read:

EXECUTIVE SESSION: Nimtz moved and Gray seconded to go into Executive Session at 5:03 P.M. to discuss possible litigation. All voted aye. 5:35 P.M.— Anderson moved and LaCroix seconded to come out of Executive Session. All voted aye. LaCroix moved that the approval of the plat of Bob Warder be held up pending his inclusion of the easements for the city sewer line, which had been verbally agreed upon, are in the plat and reduced to written agreements. Nimtz seconded. All voted aye.

[¶ 21.] City's subdivision regulation requires a final plat be "accompanied by all required legal dedications and easements, in a form acceptable to the City Attorney, and any and all guarantees required by the Planning Commission." City argues that the planning commission and city council references to easements were in keeping with the subdivision regulations. This argument is without merit. We assume, without deciding, that City's subdivision regulation applies to Railroad's proposed

plat which is essentially a replat of several previously platted properties. Neither the planning commission minutes nor the city council minutes make any reference to City's subdivision regulations. City's attorney has not cited any other part of the settled record showing any testimony or other evidence that the subdivision regulations were ever considered as a reason for denial of the plat. The trial court's findings of fact are not clearly erroneous.

[¶ 22.] Neither the planning commission nor the city council objected to the plat on the grounds that City's subdivision regulations had not been complied with. Likewise, they did not object on the grounds that any of the other three requirements of SDCL 11-3-6 had not been met. If such an objection had been raised at either the planning commission meeting or the city council meeting, Railroad would have had the opportunity to contest the objection before the planning commission or the city council. Alternatively, Railroad could have amended its plat to try to satisfy any such objection. By waiting until the mandamus hearing in circuit court to raise any legal objection, City waived its right to do so.

[¶ 23.] Railroad's plat satisfied the requirements of SDCL 11-3-6. The circuit court properly issued a peremptory writ of mandamus requiring City to perform its ministerial duty to confirm the plat.

[¶ 24.] Affirmed.

[¶ 25.] GILBERTSON, Chief Justice, and SABERS, ZINTER and MEIERHENRY, Justices, concur.

[¶ 26.] ROEHR, Circuit Judge, for KONENKAMP, Justice, disqualified.