2004 SD 122

**ERNST & YOUNG, Appellant,**

**v.**

**SOUTH DAKOTA DEPARTMENT OF REVENUE AND REGULATION,**
**Appellee.**

**No. 23100.**

Supreme Court of South Dakota.

Considered on Briefs on Aug. 23, 2004.

Decided Nov. 10, 2004.

statute of limitations contained in SDCL 10–59–19. The Secretary of Revenue previously affirmed the Office of Hearing Examiner's (OHE) judgment that it lacked jurisdiction to hear Ernst & Young's claim because it was time barred by SDCL 10–59–19. We affirm.

## FACTS

[¶ 2.] Ernst & Young performed taxable services for Gateway 2000 between 1994 and 1998. Between January 1994 and May 1996, Ernst & Young paid sales tax in the amount of $1,125,000 to Department in association with these services. In July 1999, Ernst & Young repaid Gateway $18,750,000 in service fees to resolve a dispute between the parties. Ernst & Young sought to recover the taxes paid between July 1994 and May 1996 by claiming a sales tax credit on its November 2000 sales tax return. In May 2001, at Gateways' request, Ernst & Young submitted a claim to Department for a refund of the $1,125,000 in taxes paid.

[¶ 3.] Scott Peterson, the Director of Department's Business Tax Division, categorized Ernst & Young's claim as one for overpaid taxes and denied the request as being barred by the three year statute of limitations set forth in SDCL 10–59–19. Ernst & Young sought review of that decision with OHE. OHE determined the claim was time barred and that decision was affirmed by the Secretary of Revenue.

## STANDARD OF REVIEW

[¶ 4.] This appeal involves a question of statutory interpretation. Questions of statutory interpretation are reviewed *de novo*. *In re Yankton County Com'n*, 2003 SD 109, ¶ 9, 670 N.W.2d 34, 37; *Black Hills Cent. R. Co. v. City of Hill City*, 2003 SD 152, ¶ 10, 674 N.W.2d 31, 34.

Haven L. Stuck and Catherine M. Sabers of Lynn, Jackson, Shultz & Lebrun, Rapid City, South Dakota, Attorneys for appellant.

Harvey M. Crow, Jr., S.D. Dept. of Revenue & Regulation, Rapid City, South Dakota, Attorney for appellee.

TUCKER, Circuit Judge.

[¶ 1.] Ernst & Young appeals the judgment of the circuit court, the Honorable Lori S. Wilbur, granting the Department of Revenue's (Department) motion to dismiss this matter based on the three year

## ISSUES

Whether Ernst & Young's claim was barred by the three year statute of limitations contained in SDCL 10–59–19.

Whether SDCL 10–45–29, which allows deductions for sales tax previously paid when a refund is made, applied to Ernst & Young's claim.

## DECISION

### ISSUE ONE

[¶ 5.] **Whether Ernst & Young's claim was barred by the three year statute of limitations contained in SDCL 10–59–19.**

[¶ 6.] This issue involves the interpretation of two statutes relating to the repayment of taxes from Department. Specifically, SDCL 10–59–17 requires compliance with the provisions of SDCL ch. 10–59 for taxpayers seeking recovery of taxes. That statute provides:

A taxpayer seeking recovery of tax, penalty or interest imposed by the chapters set out in § 10–59–1 shall follow the procedure established in this chapter. No court has jurisdiction of a suit to recover such taxes, penalty or interest unless the taxpayer seeking the recovery of tax complies with the provisions of this chapter.

SDCL 10–59–17. SDCL 10–59–19 sets forth a three year limitations period for taxpayers seeking recovery of overpaid tax. That statute provides:

A taxpayer seeking recovery of an allegedly overpaid tax, penalty or interest shall file a claim for recovery with the secretary, within three years from the date the tax, penalty or interest was paid or within three years from the date the return was due, whichever date is earlier. A claim for recovery not filed within three years of the date the tax was paid or within three years of the date the return was due, whichever date is earlier, is barred.

SDCL 10–59–19.

■ [¶ 7.] Adherence to this Court's well-settled principle of affording terms their plain meaning and effect, as well as using a commonsense approach to statutory construction, leads to the conclusion that the three year limitations period in SDCL 10–59–19 is applicable to this situation, rendering Ernst & Young's claim time barred. The dispute concerning whether the limitations period in SDCL 10–59–19 applies in this situation centers on the term "overpaid" tax in that statute. Ernst & Young contends that the term "overpaid" refers to "payment of an amount in excess of a sum due" and that this is not the nature of its claim for a refund. In contrast, Department attempts to define "overpaid" by making a distinction between taxes the state is legally entitled to and, conversely, those taxes it is not legally entitled to, thereby rendering such taxes "overpaid." Significantly, in interpreting the Internal Revenue Code, the United States Supreme Court has rejected the sort of "artificial distinction" Ernst & Young tries to draw between recovery of an overpaid tax under SDCL 10–59–19 and a tax refund under SDCL 10–45–29, instead favoring a "commonsense approach to the term overpayment." *Danoff v. U.S.*, 324 F.Supp.2d 1086, 1097, n. 11 (C.D.Cal. 2004) (citing *U.S. v. Dalm*, 494 U.S. 596, 609, n. 6, 110 S.Ct. 1361, 1369, n. 6, 108 L.Ed.2d 548 (1990)). "The commonsense interpretation is that a tax is overpaid when a taxpayer pays more than is owed, *for whatever reason or no reason at all." Id.* (emphasis supplied). Applying this "commonsense approach" to the term "overpaid" in SDCL 10–59–19 renders the plain meaning and effect of the term appli-

cable to the case at bar.[1]

[¶ 8.] This commonsense approach reinforces the circuit court's interpretation of the term "overpaid" and its application to this case. As the circuit court recognized "the term overpaid tax in SDCL 10–59–19 encompasses a broad variety of instances where the State is holding more money than it is entitled to, including instances where the service provider issues a refund to the customer and then requests a refund of the sales tax paid to the State." Furthermore, the circuit court's conclusion that the legislature used the terms "recovery of tax" in SDCL 10–59–17 and "recovery of an allegedly overpaid tax" in SDCL 10–59–19 interchangeably was reasonable given the plain meaning and effect of the two terms as used in SDCL ch. 10–59.

[¶ 9.] Therefore, Ernst & Young was precluded from recovery unless another limitations period was applicable under a different statute. In that regard, Ernst & Young asserts that it was entitled to an unlimited limitations period created by SDCL 10–59–17, rather than the three year limitations period found in SDCL 10–59–19. This argument is without merit. This is because SDCL 10–59–17 and SDCL 10–59–19 touch upon the same subject matter, the recovery of taxes, and are presumed to have been intended to coexist. *In re Guardianship and Conservatorship for T.H.M.*, 2002 SD 13, ¶ 7, 640 N.W.2d 68, 71. Since SDCL 10–59–19 is more specific as to the applicable limitations period, its terms prevail over the more general terms contained in SDCL 10–59–17.

*Id.*[2] SDCL 10–59–17 establishes the right and the procedure for the recovery of tax but provides no limitations period, other than requiring compliance with SDCL ch. 10–59. SDCL 10–59–19 details the period within which a claim must be made for recovery of tax. Construing the two statutes together, they reflect the legislature's presumed intention of avoiding an "absurd and unreasonable result." *Id.* (citations omitted). As the circuit court stated, an absurd and unreasonable result would be to construe the statutes as providing an unlimited period for the recovery of taxes that were paid and should have been paid, but a more severe period of limitations for taxes that were paid but need not have been paid, "overpaid" taxes.

[¶ 10.] SDCL 10–59–19 applied to Ernst & Young's claim for a sales tax refund. Consequently, Ernst & Young must be in compliance with the three year limitation contained in SDCL 10–59–19 in order to obtain recovery of the $1,125,000 in sales tax. Since Ernst & Young did not seek to recover the "overpaid" taxes until more than three years after its final sales tax payment to Department, its claim is time barred by SDCL 10–59–19.

[¶ 11.] Ernst & Young also argues that the enactment of SDCL 10–59–19.1 in March 2003[3] controverts the above analysis. SDCL 10–59–19.1 states "[u]nless a different limitation is prescribed by this title, a claim for recovery of any tax, penalty, or interest shall be filed with the secretary within six years of the date the

---

1. The plain meaning of the term "overpaid" can also be construed as having the effect that the refund to Gateway related back to the commensurate sales tax returns filed by Ernst & Young, rendering the $1,125,000 overpaid in the sense that it was an amount that was not due and which Ernst & Young would be entitled to recover, subject to the requirements of SDCL 10–59–17.

2. This specificity applies only to the limitations period and not to the term "overpaid" tax.

3. SDCL 10–59–17, 10–59–19 were enacted in 1986.

tax was due or paid, whichever date is earlier." [4] However, SDCL 10–59–19.1 does not supersede SDCL 10–59–19 but rather supplements it with instances not subject to the three year limitations period prescribed in SDCL 10–59–19. Also without merit is Ernst & Young's argument that the enactment of SDCL 10–59–19.1, after the pertinent times concerning this controversy, was relevant in determining the applicability of SDCL 10–59–19. While "there are no principles of construction which prevent using subsequent enactments or amendments as an aid in arriving at the direct meaning of a statute, the legislative adoption of a subsequent amendment is not binding on the court." *Andreson v. Brink Elec. Const. Co.*, 1997 SD 104, n. 1, 568 N.W.2d 290, 292. Finally, "statutes are presumed to have prospective application and may be construed as retroactive only when such intention plainly appears." *Gasper v. Freidel*, 450 N.W.2d 226, 233 (S.D.1990) (citing *Arndt v. Hannum Trucking*, 324 N.W.2d 680 (S.D. 1982)). Therefore, since the intent of the legislature was that SDCL 10–59–19 apply to the case at bar, further analysis of how SDCL 10–59–19.1 may apply to this case is not required.

[¶ 12.] It is clear that the plain meaning and effect of the term "overpaid" used in SDCL 10–59–19 applies to the $1,125,000 that Ernst & Young seeks to recover. Ernst & Young properly remitted the $1,125,000 in sales tax when it was due. Ernst & Young was entitled to seek recovery of the overpaid tax during the three years following its final sales tax payment, but that right expired.

## ISSUE TWO

[¶ 13.] **Whether SDCL 10–45–29, which allows deductions for sales tax previously paid when a refund is made, applied to Ernst & Young's claim.**

[¶ 14.] This issue also involves a question of statutory interpretation. SDCL 10–45–29 provides that:

> Refunds made by a retailer during the reporting period shall be allowed as a deduction in case the retailer included the receipts, for which a refund is made, in the net taxable sales or has previously paid the sales tax.

■ [¶ 15.] Ernst & Young's argument that SDCL 10–45–29 is applicable because it is more specific to this situation than the general provisions of SDCL 10–59–19 is incorrect. Ernst & Young seeks recovery of the sales tax paid on services rendered to Gateway, which it subsequently refunded. Therefore, Ernst & Young is seeking recovery of "overpaid" tax as discussed above, thus rendering SDCL 10–59–19 applicable here.

[¶ 16.] Ernst & Young asserts that this Court's recent decision in *Pourier v. South Dakota Dept. of Revenue*, 2004 SD 3, 674 N.W.2d 314 (*Pourier II*) necessitates a determination that SDCL 10–45–29 applies because it is more specific than SDCL 10–59–19. In *Pourier II*, this Court held that SDCL 10–47B–141 applied to a claim for a refund of motor fuel taxes because it was more specific than the general provision of SDCL 10–59–19. *See Pourier II*, 2004 SD 3, ¶ 4, 674 N.W.2d at 316. However, in contrast to the statute the court relied upon in *Pourier II*, SDCL 10–45–29 does not provide a limitation period beyond the reporting period. *Compare id.* The relevant statute at issue in *Pourier II*, SDCL 10–47B–141, was specific in both its prescription of a refund and the time limitation allowable to seek that refund. *Id.* In the case at bar, SDCL 10–45–29 is specific as to the propriety of claiming a deduction

4. Ernst & Young did not argue that the six year time limitation applied to this case.

but is not specific as to the time limitation for claiming that deduction. Therefore, since SDCL 10–45–29 does not specify a limitations period other than the reporting period, it is subject to the three year limitation for overpaid taxes contained in SDCL 10–59–19.

[¶ 17.] Finally, Ernst & Young maintains that statutes allowing tax refunds "have been construed as remedial in nature" and urges this Court to apply a "liberal interpretation with the view towards advancing the remedy provided." *Com. v. Cross,* 196 Va. 37in Bond's mailbox at the court5, 83 S.E.2d 722, 725 (1954) (allowing a refund of taxes erroneously overpaid by common carrier). Ernst & Young claims that this approach will prevent "unjust enrichment by the state." However, the United States Supreme Court has recognized, and this Court has embraced, the need "to protect the 'government's strong interest in financial stability' and the State's ability to engage in 'sound fiscal planning' " as the strong underlying justification for limitations periods for tax refunds. *Pourier v. South Dakota Dept. of Revenue,* 2003 SD 21, ¶ 38, 658 N.W.2d 395, 407 *(Pourier I)* (citing *McKesson Corp. v. Division of Alcoholic Beverages,* 496 U.S. 18, 44, 110 S.Ct. 2238, 2254, 110 L.Ed.2d 17 (1990)). Therefore, we reject this argument.

## CONCLUSION

[¶ 18.] Ernst & Young's claim is time barred by the three year statute of limitations contained in SDCL 10–59–19. The decision of the trial court is affirmed.

[¶ 19.] GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices, and TUCKER and MYREN, Circuit Judges, concur.

[¶ 20.] TUCKER, Circuit Judge, for SABERS, Justice, disqualified.

[¶ 21.] MYREN, Circuit Judge, for KONENKAMP, Justice, disqualified.