#23798-rev-SEVERSON, Circuit Judge
**2006 SD 106**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

NORMAN SCHAFER and the
DEUEL COUNTY CHAPTER OF
DAKOTA RURAL ACTION,                    Petitioners and Appellees,

    v.

DEUEL COUNTY BOARD OF
COMMISSIONERS, RONALD BOONE,
CHAIRMAN, GORDON ANDERSON,
JOSEPH EFFLING, DONALD
HANSON, DAROLD HUNT and
PAM LYNDE, COUNTY AUDITOR,              Respondents and Appellants.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE THIRD JUDICIAL CIRCUIT
DEUEL COUNTY, SOUTH DAKOTA

* * * *

HONORABLE RONALD K. ROEHR
Judge

* * * *

JAMES G. ABOUREZK                      Attorney for petitioners
Sioux Falls, South Dakota              and appellees.

JOHN D. KNIGHT
Deuel County Deputy States Attorney    Attorney for respondents
Clear Lake, South Dakota               and appellants.

* * * *

ARGUED
APRIL 26, 2006

OPINION FILED 11/29/06

#23798

SEVERSON, Circuit Judge

[¶1.] On March 9, 2005, Norman Schafer and the Deuel County Chapter of Dakota Rural Action (Petitioners) filed two initiative petitions with the Deuel County Auditor. The first petition sought to (1) amend the special exceptions provision of Section 278 of the Deuel County zoning ordinance; (2) add a new Section 508 in which Deuel County residents would be granted the right of referendum on legislative decisions of the board of adjustment, zoning board, or county commissioners; and (3) amend the concentrated animal feeding operations set back requirements of Section 1304(6). The second petition proposed changes in the shelterbelt setback requirements of Section 1208.

[¶2.] On March 15, 2005, the Deuel County Board of Commissioners (Deuel County Board) voted to reject both petitions and refused to submit either issue to the voters. Petitioners then filed an application for a writ of mandamus in the circuit court. On July 27, 2005, the circuit court granted the peremptory writ of mandamus. Deuel County Board appeals.

FACTS AND PROCEDURE

[¶3.] On March 9, 2005, Petitioners submitted two county initiative petitions to the Deuel County Auditor. The petitions were submitted pursuant to SDCL 7-18A-11. On March 15, 2005, Deuel County Board voted to reject both petitions and refused to submit either issue to a public vote. Petitioners then filed an application for a writ of mandamus in the circuit court. On July 27, 2005, the circuit court granted the writ stating:

> This Court is of the opinion that the zoning procedures
> (SDCL 11-2-28 and noticed hearings before the planning
> commission and the board of county commissioners) apply
> to proposed modifications begun pursuant to zoning

statutes (by the board itself or thirty percent of landowners) and that the initiative procedures (SDCL 7-18A-13 and enactment by the board, then submission to the voters) apply to proposed modifications begun pursuant to initiative statutes (by petition of five percent of registered voters).

Deuel County Board appeals arguing that it properly rejected the petitions as they were not submitted in compliance with SDCL 11-2-28.

## STANDARD OF REVIEW

[¶4.] The standard of review for the grant or denial of a writ of mandamus is abuse of discretion. Atkinson v. City of Pierre, 2005 SD 114, ¶ 10, 706 NW2d 791, 795; Lang v. Western Providers Physician Organization, 2004 SD 107, ¶ 7, 688 NW2d 403, 405; Black Hills Central Railroad Co. v. Hill City, 2003 SD 152, ¶ 9, 674 NW2d 31, 34. "An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." Baker v. Atkinson, 2001 SD 49, ¶ 12, 625 NW2d 265, 270 (citation omitted). "In applying the abuse of discretion standard, we do not determine whether we would have made a like decision, only whether a judicial mind, considering the law and the facts, could have reached a similar decision." Id.

[¶5.] This case also involves questions of statutory interpretation and application which "are questions of law" and reviewed "under the de novo standard with no deference afforded to the circuit court's decision." Lewis & Clark Rural Water System, Inc. v. Seeba, 2006 SD 7, ¶ 12, 709 NW2d 824, 830 (citations omitted); see also Ernst & Young v. South Dakota Dept. of Revenue, 2004 SD 122, ¶ 4, 689 NW2d 449, 450.

ANALYSIS AND DECISION

ISSUE

[¶6.] **Whether the trial court erred in granting a peremptory writ of mandamus pursuant to SDCL ch 7-18A.**

[¶7.] "Mandamus is a potent, but precise remedy. Its power lies in its expediency; its precision in its narrow application." Sorrels v. Queen of Peace Hosp., 1998 SD 12, ¶ 6, 575 NW2d 240, 242. "It commands the fulfillment of an existing legal duty, but creates no duty itself, and acts upon no doubtful or unsettled right." *Id.* Due to the extraordinary nature of the remedy, mandamus should only be issued when the duty to act is clear. *Black Hills Central Railroad Co.,* 2003 SD 152, ¶ 13, 674 NW2d at 34. SDCL 21-29-1 grants circuit courts authority to issue this writ:

> The writ of mandamus may be issued by the Supreme and circuit courts, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station[.]

The writ may be issued "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." SDCL 21-29-2.

[¶8.] In the case at hand, Petitioners sought a writ of mandamus to compel Deuel County Board to enact the two proposed initiatives. Further, Petitioners sought to compel the county auditor to place the proposed initiatives on the county ballot with an election to be held on the initiatives within sixty (60) days of the entry of the writ of mandamus. Petitioners argue that SDCL 7-18A-13 and SDCL 11-2-28 are not inconsistent as they merely provide alternate means of amending zoning ordinances. Petitioners contend that SDCL 11-2-28 is applicable when the

proposed modifications have commenced under the zoning statutes. Conversely,

Petitioners assert that the procedures outlined in SDCL ch 7-18A apply to proposed

initiatives which have begun pursuant to the initiative statutes.

[¶9.]        SDCL 11-2-28 outlines the procedure that must be followed in order to

adopt or amend county zoning ordinances. It provides:

> The plan, ordinances, restrictions, and boundaries
> adopted pursuant to this chapter may be amended,
> supplemented, changed, modified, or repealed by action of
> the board. Any such modification or repeal shall be
> proposed in a resolution or ordinance, as appropriate,
> presented to the board for adoption in the same manner
> and upon the same notice as required for the adoption of
> the original resolution or ordinance. The amendment,
> supplement, change, modification, or repeal may be
> requested through a petition by thirty percent of the
> landowners in the zoning district or districts requesting
> change.

SDCL 7-18A-9 through 7-18A-14 articulate the general process for proposing and

adopting initiated measures by counties. SDCL 7-18A-13 provides:

> When a petition to initiate is filed with the auditor, he
> shall present it to the board of county commissioners at
> its next regular or special meeting. The board shall enact
> the proposed ordinance or resolution and shall submit it
> to a vote of the voters in the manner prescribed for a
> referendum within sixty days after the final enactment.
> However, if the petition is filed within three months prior
> to the primary or general election, the ordinance or
> resolution may be submitted at the primary or general
> election.

[¶10.]       "The purpose of statutory construction is to discover the true intention

of the law which is to be ascertained primarily from the language expressed in the

statute." State v. Jensen, 2003 SD 55, ¶ 15, 662 NW2d 643, 648. We are guided by

the principle that a court should construe multiple statutes covering the same

subject matter in such a way as to give effect to all of the statutes if possible.

Kinzler v. Nacey, 296 NW2d 725, 728 (SD 1980) (citations omitted). In addition, the rules of statutory construction dictate that "statutes of specific application take precedence over statutes of general application." Cooperative Agronomy Services v. South Dakota Department of Revenue, 2003 SD 104, ¶ 19, 668 NW2d 718, 723. SDCL 11-2-28 is a statute of specific application. SDCL 7-18A-13 is a statute of general application. *Kinzler*, 296 NW2d at 728 ("To the extent that SDCL 11-2-22 does contain provisions that are different from those contained in SDCL 7-18A-15 through 7-18A-23, *e.g.*, number of signers required and time of election, those specific provisions must be given effect.").

[¶11.]     In the current case, Petitioners sought to amend certain provisions of the Deuel County Zoning Ordinances via the initiative process. Zoning, by its nature, restricts and regulates use of land which would otherwise be lawful and proper. Although it is axiomatic that private property cannot be taken without due process of law, this limitation does not shield private property from regulations, such as zoning, which are implemented under the police power. USConst amend XIV, § 1; Washington *ex rel.* Seattle Title Trust Co. v. Roberge, 278 US 116, 121, 49 SCt 50, 51, 73 LEd 210 (1928) (citing Euclid v. Amber Realty Co., 272 US 365, 47 SCt 114, 71 LEd 303 (1926)); Tillo v. City of Sioux Falls, 82 SD 411, 415, 147 NW2d 128, 130 (SD 1966) ("Property is always subject to the police power[.]").

[¶12.]     A significant function of local government is to provide for orderly development by enacting and enforcing zoning ordinances. "The ultimate and general purposes of zoning are those traditionally associated with the police power: the public health, safety, morals and general welfare; peace and order; and public comfort and convenience." McQuillin, The Law of Municipal Corporations, *Zoning* §

#23798

25.17 (3rd ed 2005); Nectow v. City of Cambridge, 277 US 183, 188, 48 SCt 447, 448, 72 LEd 842 (1928) ("The governmental power to interfere by zoning regulations with the general rights of the landowner by restricting the character of his use, is not unlimited, and, other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare."). More definitively stated:

> The essential object or purpose of zoning regulations is to stabilize the use or uses, or the occupancy of property. . .. The ultimate purpose of zoning ordinances is to confine certain classes of uses and structures to designated areas, and thus bring about the physical development of the community. Furthermore, the purpose of zoning is to conserve, protect, or maintain the value of buildings or other property, and to allow land to be put to the use or uses to which it is best adapted, or the use which is most appropriate.
>
> The object of zoning is also to adopt measures to regulate property use in conformance with a comprehensive plan, so as to advance the public welfare. The essence of zoning is to provide a balanced and well-ordered scheme for all activity deemed essential . . . and in an orderly fashion provide for the actual public need for various types of residential, commercial, and industrial structures.
>
> The purpose of zoning is not to provide for the highest or best use of each particular lot or parcel of land within zones or communities, or to permit the maximum possible enrichment of a particular landowner. Rather, zoning is designed to benefit a community generally by sensible planning of land uses, taking into consideration the most appropriate use of land throughout the community.

CJS *Zoning and Land Planning* § 3 (2005). This Court has recognized that allowing "the use of a person's property to be held hostage by the will and whims of neighboring landowners without adherence or application of any standards or guidelines" is repugnant to the due process clause of the Fourteenth Amendment.

Cary v. Rapid City, 1997 SD 18, ¶¶ 19-22, 559 NW2d 891, 895. "As a basic instrument of democratic government, the referendum process does not, in itself, violate the due process clause of the Fourteenth Amendment when applied to a rezoning ordinance." City of Eastlake v. Forest City Enterprises, Inc., 426 US 668, 679, 96 SCt 2358, 2364-65, 49 LEd2d 132, 141 (1976). Nor does it violate the provisions of the South Dakota Constitution. Taylor Properties, Inc. v. Union County, 1998 SD 90, 583 NW2d 638. However, this does not exempt zoning issues from due process issues. The Supreme Court in *Eastlake* in particular stated:

> In basing its claim on federal due process requirements, respondent also invokes Euclid v. Ambler Realty Co., 272 US 365, 47 SCt 114, 71 LEd 303 (1926), but it does not rely on the direct teaching of that case. Under *Euclid*, a property owner can challenge a zoning restriction if the measure is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Id.* at 395, 47 SCt at 121. If the substantive result of the referendum is arbitrary and capricious, bearing no relation to the police power, then the fact that the voters of Eastlake wish it so would not save the restriction. As this Court held in invalidating a charter amendment enacted by referendum:
>
>> "The sovereignty of the people is itself subject to those constitutional limitations which have been duly adopted and remain unrepealed." Hunter v. Erickson, 393 US 385, 392, 89 SCt 557, 561, 21 LE2d 616 (1969)."

426 US at 676, 96 SCt at 2363.

[¶13.]     In this case, the due process requirements (*i.e.* the right to notice and a hearing) granted in SDCL ch 11-2 serve several important functions including: safeguarding against the arbitrary exercise of power, informing the decision makers, affording the affected landowners with the opportunity to formally voice their concerns and present evidence in opposition to opposed measures, and

providing an avenue for expression of public opinion. Kenneth Young, Anderson's American Law of Zoning § 4.11 and § 4.03 (4th ed 1996). Accordingly, Under SDCL ch 11-2, procedural safeguards including a hearing are provided even when changes in a comprehensive plan are proposed by petition of landowners. *See* SDCL 11-2-28; SDCL 11-2-18 ("The planning commission shall hold at least one public hearing on the respective comprehensive plan, zoning ordinance, or subdivision ordinance. Notice of the time and place of the hearing shall be given[.]"); SDCL 11-2-19 ("[T]he board shall hold at least one public hearing on the respective comprehensive plan, zoning ordinance, or subdivision ordinance. Notice of the time and place of the hearings shall be given[.]"); Pennington County v. Moore, 525 NW2d 257, 259 (SD 1994) (considering "the due process concerns associated with ordinances affecting property rights" and holding "municipalities and other political subdivisions must scrupulously comply with statutory requirements, including notice and hearing, in order to provide due process of law.").

[¶14.]     In addition, the purpose of a comprehensive county plan in South Dakota is set forth in SDCL 11-2-12:

> The comprehensive plan shall be for the purpose of protecting and guiding the physical, social, economic, and environmental development of the county; to protect the tax base; to encourage a distribution of population or mode of land utilization that will facilitate the economical and adequate provisions of transportation, roads, water supply, drainage, sanitation, education, recreation, or other public requirements; to lessen governmental expenditure; and to conserve and develop natural resources.

From this statute it is clear that counties adopting zoning ordinances implement a long term comprehensive plan for future development in those counties. Zoning

regulations when enacted or when amended, under the proper exercise of the police power, cannot exceed the constitutional limitations on governmental restrictions of private property. The differences between SDCL 7-18A-13 and SDCL 11-2-28 through SDCL 11-2-30 are significant and not merely procedural as the differences address due process and property rights. Such actions may constitute a taking of the property or be void as unconstitutional. Since the statutes are in direct conflict and cannot be reconciled, we must look to legislative intent. It seems unlikely that the legislature would have intended to allow the "ad hoc" scheme that zoning by initiative would establish when such a procedure would bypass constitutionally required protections. SDCL 11-2-28 is specific to zoning, whereas SDCL 7-18A-13 is more general. Therefore, the specific statute governs over the general and SDCL 11-2-28 controls amendments to zoning ordinances rather than SDCL 7-18A-13, the general initiative law governing counties.[1]

---

1.    Childress v. Anderson, 865 SW2d 384, 391 (MoCtApp 1993) (finding that initiative could not be used to obtain rezoning and concluding that "the citizens of Springfield through their charter construed as a whole, did not reserve to themselves the power to adopt, through the initiative process, a zoning ordinance which has not been submitted to the commission for examination and recommendation."); Heitman v. City of Mauston, 595 NW2d 450, 457 (WisCtApp 1999) ("Heitman is attempting to do by initiative what Common Council, itself, cannot do; *i.e.*, avoid the substantive and procedural safeguards established in § 62.23, stats. Because initiatives may be used for only those legislative acts which a municipality, itself, could do, Heitman's proposal is not one that can be accomplished by initiative."); Save Our State Park v. Board of Clallam County Commissioners, 875 P2d 673, 679 (WashCtApp 1994) ("[T]he Legislature has clearly delegated the authority to approve a comprehensive plan, adopt official controls, and engage in zoning . . . to the legislative authority of the county. Therefore, . . . initiative and referendum are precluded from altering or amending zoning ordinances passed by the Board under the Act."); Kaiser Hawaii Kai Development Co. v. Honolulu, 777 P2d 244, 247 (Haw 1989) ("Zoning by initiative is inconsistent with the goal of long range comprehensive planning, and it seems unlikely that the Legislature intended the possible frustration of comprehensive

[¶15.] Further, portions of the initiated measures advanced by Petitioners are also invalid as they are not within the power of the county board to adopt. *See* Heine Farms v. Yankton County, 2002 SD 88, ¶ 16, 649 NW2d 597, 601 (citations omitted). Counties are creatures of statute and have no inherent authority. They have "only such powers as are expressly conferred [ ] by statute and such as may be reasonably implied from those expressly granted." State v. Quinn, 2001 SD 25, ¶ 10, 623 NW2d 36, 38 (quoting State v. Hansen, 75 SD 476, 68 NW2d 480, 481 (1955)); Pennington County v. State *ex rel.* Unified Judicial System, 2002 SD 31, ¶ 10, 641 NW2d 127, 131 ("Counties, like cities, lack inherent authority and derive their power from the legislature."). The history of initiative and referendum in South Dakota was reviewed in the recent case of Brendtro v. Nelson, 2006 SD 71, 720 NW2d 670. Article III, § 1 of the South Dakota Constitution, provides:

> The legislative power of the state shall be vested in a
> Legislature which shall consist of a senate and house of

---

zoning through the initiate process."); Transamerica Title Insurance Co. v. Tuscon, 757 P2d 1055, 1058 (Ariz 1988) ("[T]he property owner's due process and statutory rights to notice and hearing before the enactment of new legislation affecting his property—are present here. . . . [T]he power granted by the state to the city to enact zoning laws also includes the power to prescribe the method to be used in enacting such laws. The initiative would add requirements to rezoning not authorized by the controlling state statutes."); Korash v. Livonia, 202 NW2d 803 (Mich 1972) (finding the charter right to initiative incompatible with the authority to zone and holding that an amendment to an ordinance enacted by a procedure contrary to the Zoning Enabling Act invalid); Dewey v. Doxey-Layton Realty Co., 277 P2d 805, 809 (Utah 1954) ("[W]hen appellants seek to initiate rezoning within the city without complying with the zoning statutes, they are, in effect attacking collaterally the very statute under which they claim their power to zone[.] [T]he legislature has delegated the power to zone to the legislative bodies of cities and towns, so that the need for a comprehensive plan might be met, and provided means for the protection of private property through notice and public hearings."). *But see* Garvin v. Ninth Judicial District Court, 59 P3d 1180 (Nev 2002); Associated Home Builders of Greater Eastbay, Inc. v. Livermore, 557 P2d 473 (Cal 1976).

representatives. *However, the people expressly reserve to themselves the right to propose measures, which shall be submitted to a vote of the electors of the state, and also the right to require that any laws which the Legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect,* except such laws as may be necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions. Not more than five percent of the qualified electors of the state shall be required to invoke either the initiative or the referendum.

This section shall not be construed so as to deprive the Legislature or any member thereof of the right to propose any measure. The veto power of the Executive shall not be exercised as to measures referred to a vote of the people. *This section shall apply to municipalities.* The enacting clause of all laws approved by vote of the electors of the state shall be: "Be it enacted by the people of South Dakota." The Legislature shall make suitable provisions for carrying into effect the provisions of this section.

(emphasis added). This section applies only to the legislature and municipalities. Bechen v. Moody County Board of Commissioners, 2005 SD 93, ¶ 13, 703 NW2d 662, 665. There is not a corresponding constitutional right to refer the county government's actions to a public vote. *Id.* However, pursuant to SDCL 11-2-22, the legislature has provided a statutory right to referendum on county zoning ordinances.

[¶16.] In this case, Petitioners seek to enact legislation which would amend the special exceptions provision of Section 278 by eliminating the current requirement that special exceptions are subject to approval by the Board of Adjustment and are quasi-judicial administrative in nature. Furthermore, Petitioners proposed legislation would add a new section 508 which would grant Deuel County residents the right of referendum on legislative decisions of the board of adjustment, zoning board, or county commissioners. Currently, the law does not

provide for the right of referendum on decisions made by the board of adjustment which are quasi-judicial administrative decisions. SDCL 11-2-53; SDCL 7-18A-15; *see also Bechen*, 2005 SD 93, ¶ 18, 703 NW2d at 666 ("We must conclude that the legislature intended the referendum provisions of SDCL 7-18A-15 to cover only the actions of the county commissions and not other county boards such as the county board of adjustment."). In addition, only legislative decisions are subject to referendum. SDCL 7-18A-15.1. Petitioner's proposed initiatives, in essence, would define decisions that are quasi-judicial administrative as legislative and thereby subject to referendum. Further, enactment of Petitioner's initiatives would eliminate the requirement of approval from the Board of Adjustment for special exceptions.[2] Petitioners, through the use of initiatives, are attempting to enact amendments which the county would not have the authority to enact under current state statutes. Because one of the basic limitations on the right of initiative is that the proposed ordinance or amendment must be within the power of the county board to adopt, Petitioners proposed use of initiatives cannot be sustained. *Heine Farms*, 2002 SD 88, ¶ 16, 649 NW2d at 601 (quoting Custer City v. Robinson, 79 SD 91, 93, 108 NW2d 211, 212 (1961)). The circuit court decision granting the peremptory writ of mandamus is reversed.

---

2.      We note that the Board of Adjustment serves an essential purpose; it protects the constitutionality of the zoning ordinances and furnishes "some elasticity in the application of regulatory measures so that they do not operate in an arbitrary, unreasonable, or confiscatory manner." AmJur2d *Zoning and Planning* § 722 (1992).

#23798

[¶17.]        GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶18.]        SEVERSON, Circuit Judge, for SABERS, Justice, disqualified.