#25681-a-DG

**2011 S.D. 5**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

GRANT COUNTY CONCERNED
CITIZENS,                                           Petitioner and Appellant,

v.

GRANT COUNTY BOARD OF
COMMISSIONERS, PAUL DUMMANN,
DAVID FORRETT, GENE MANN,
DOUG STENGEL, CLAYTON TUCHOLKE
and KAREN LAYHER, COUNTY AUDITOR,        Respondents and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
GRANT COUNTY, SOUTH DAKOTA

* * * *

HONORABLE ROBERT L. TIMM
Judge

* * * *

SAM EBRAHIM KHOROOSI
Sioux Falls, South Dakota                Attorney for petitioner
                                         and appellant.


ZACHARY W. PETERSON
JACK H. HIEB of
Richardson, Wyly, Wise
  Sauck & Hieb, LLP
Aberdeen, South Dakota                   Attorneys for respondents
                                         and appellees.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 10, 2011

OPINION FILED **02/02/11**

#25681

GILBERTSON, Chief Justice

[¶1.] Grant County Concerned Citizens submitted a proposed amendment to a zoning ordinance to the Grant County Board of Commissioners. After proceeding through the proper procedures, the Board of Commissioners rejected the amendment. The Board of Commissioners then denied a referendum petition by Concerned Citizens to refer the proposed amendment to qualified county voters. The circuit court denied the Concerned Citizens' petition for a writ of mandamus to compel the Board of Commissioners to refer the proposed amendment. Concerned Citizens appeals the denial of the writ of mandamus.

**FACTS**

[¶2.] The parties stipulated to the facts. Grant County Concerned Citizens (Petitioner) submitted, under SDCL 11-2-28, a proposed amendment to a zoning ordinance that would increase the setbacks for Class A, B, C, and D Concentrated Animal Feeding Operations.* The Grant County Board of Commissioners (Board) referred the proposed amendment to the Grant County Planning and Zoning Board for a recommendation. The Planning and Zoning Board held a public hearing on the proposed amendment, received public testimony, deliberated, and unanimously voted to recommend that the proposed amendment be rejected. At the next County Commissioners' meeting, the recommendation was presented and additional public comments were received from both proponents and opponents of the proposed

---

* Petitioner also submitted a proposed amendment to include barns and manure lagoons within the setback requirements. This amendment was accepted by the Board and is not an issue on appeal.

-1-

amendment. Board Chairman Paul Dummann moved to adopt the proposed amendment and called for a second three times. The motion died for lack of a second. After more discussion, Commissioner Clayton Tucholke moved to accept the recommendation to reject the proposed amendment. The motion received a second and carried 3-2.

[¶3.] Petitioner filed a petition with the Board under SDCL 11-2-22 and SDCL §§ 7-18A-15 to -24 to refer the proposed amendment to a public vote. The referral petition was signed by more than five percent of the registered voters, as required by SDCL 7-18A-15. At the Board's next meeting, the Board rejected the referendum petition on the grounds that the matter was not referable. The Board's decision was published in the Grant County Review.

[¶4.] Petitioner filed for a writ of mandamus in circuit court. After the parties stipulated to the facts and a hearing was held, the circuit court issued a letter decision agreeing with the Board. The court later issued its findings of fact and conclusions of law, denying the petition for a writ of mandamus and dismissing the matter on its merits with prejudice. It held that the proposed amendment rejected by the Board was not a legislative decision and was therefore not referable to a referendum vote.

[¶5.] On appeal, Petitioner raises one issue:

> Whether a proposed amendment to a zoning ordinance that is rejected by a county commission is referable to the qualified voters of the county.

## STANDARD OF REVIEW

[¶6.] This Court reviews the decision to grant or deny a writ of mandamus under an abuse of discretion standard. *Vitek v. Bon Homme Cnty. Bd. of Comm'rs*, 2002 S.D. 45, ¶ 5, 644 N.W.2d 231, 233. This Court reviews questions of statutory interpretation de novo. *Discover Bank v. Stanley*, 2008 S.D. 111, ¶ 15, 757 N.W.2d 756, 761 (citing *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611).

## ANALYSIS

[¶7.] We begin by briefly discussing the remedy of a writ of mandamus. South Dakota law provides:

> The writ of mandamus may be issued by the Supreme and circuit courts, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

SDCL 21-29-1. In addition, the "writ of mandamus must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." SDCL 21-29-2. Generally, mandamus is available to compel performance of ministerial duties. *Black Hills Cent. R.R. Co. v. City of Hill City*, 2003 S.D. 152, ¶ 14, 674 N.W.2d 31, 34. In order to prevail, Petitioner must show a clear legal right to submit the rejected amendment to the referendum process. *See Bechen v. Moody Cnty. Bd. of Comm'rs*, 2005 S.D. 93, ¶ 9, 703 N.W.2d 662, 664; *Vitek*, 2002 S.D. 45, ¶ 12, 644 N.W.2d at 235. Petitioner must also show that the Board has a definite legal obligation to submit the rejected amendment to the referendum process. The

Board asserts, and the circuit court agreed, that the Board's action of rejecting Petitioner's proposed amendment was not a legislative decision. Because it was not a legislative decision, it cannot be submitted to the referendum process.

[¶8.]    As noted in *Vitek*, "South Dakota, through its Constitution, 'has reserved the referendum power to the people.'" 2002 S.D. 45, ¶ 10, 644 N.W.2d at 234 (citing *Taylor Props., Inc. v. Union Cnty.*, 1998 S.D. 90, ¶ 24, 583 N.W.2d 638, 643). Article III, § 1 of the South Dakota Constitution provides in part:

> [T]he people expressly reserve to themselves the right to propose measures, which shall be submitted to a vote of the electors of the state, and also the right to require that any laws which the Legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect.

"This sacred right is also specifically extended to the issue of county comprehensive plans and adjuncts thereto by SDCL 11-2-22." *Vitek*, 2002 S.D. 45, ¶ 10, 644 N.W.2d at 234 (citing *Taylor Props.,* 1998 S.D. 90, ¶ 24, 583 N.W.2d at 643).

[¶9.]    The procedure Petitioner followed in attempting to amend the zoning ordinance is outlined in SDCL 11-2-28. *See Schafer v. Deuel Cnty. Bd. of Comm'rs*, 2006 S.D. 106, ¶ 14, 725 N.W.2d 241, 247 ("SDCL 11-2-28 is specific to zoning . . . [and] controls amendments to zoning ordinances. . . ."). SDCL 11-2-28 provides in part:

> The plan, ordinances, restrictions, and boundaries adopted pursuant to this chapter may be amended, supplemented, changed, modified, or repealed by action of the board. Any such modification or repeal shall be proposed in a resolution or ordinance, as appropriate, presented to the board for adoption in the same manner and upon the same notice as required for the adoption in the original resolution or ordinance. The amendment, supplement, change, modification, or repeal may be requested through a petition by twenty percent of the

landowners in the zoning district or districts requesting change[.]

Petitioner complied with the proper procedure for submitting an amendment of the ordinance.

[¶10.]      SDCL 11-2-30 provides, "After the hearing, the board shall by resolution or ordinance, as appropriate, either adopt or reject the amendment, supplement, change modification, or repeal. . . .  The provisions of § 11-2-22 are applicable to this section."  In this case, the Board rejected the proposed amendment and then refused Petitioner's attempt to refer the rejected amendment to the referendum process.  The circuit court held that "the rejection of a proposed amendment of an ordinance enacts nothing.  Rejection of a proposed amendment is not a legislative decision referable under the plain meaning of South Dakota law."

[¶11.]      Although SDCL 11-2-22 is applicable to SDCL 11-2-30, the text of SDCL 11-2-22 does not contemplate referring to the referendum process a proposed amendment that was rejected by the Board.  SDCL 11-2-22 provides:

> The comprehensive plan, zoning ordinance, and subdivision ordinance may be referred to a vote of the qualified voters of the county pursuant to §§ 7-18A-15 to 7-18A-24, inclusive.  The effective date of the comprehensive plan, zoning ordinance, or subdivision ordinance on which a referendum is to be held shall be suspended by the filing of a referendum petition until the referendum process is completed[.]

The language of the statute refers only to a "comprehensive plan, zoning ordinance, and subdivision ordinance."  Petitioner is not seeking to refer any of these but rather a rejected amendment to a zoning ordinance.  By its terms, SDCL 11-2-22 is not applicable.

[¶12.]    Even if the proposed amendment did fit into the actions listed in SDCL 11-2-22, the referral must be made "pursuant to [SDCL] §§ 7-18A-15 to 7-18A-24, inclusive." SDCL 7-18A-15 provides in part, "Any ordinance or resolution *adopted by a board of county commissioners* may be referred to a vote of the qualified voters of the county by the filing of a petition signed by five percent of the registered voters in the county[.]" (Emphasis added.) We have previously stated that "SDCL 7-18A-15 is clear and unambiguous and limits the referendum to 'any ordinance or resolution adopted by a board of county commissioners.'" *Bechen*, 2005 S.D. 93, ¶ 17, 703 N.W.2d at 666. This statute contemplates an *adoption* of an ordinance or resolution by the Board. The Board in this case *rejected* the proposed amendment.

[¶13.]    Furthermore, SDCL 7-18A-15.1 places limits on the referendum process. It provides in part:

> Any legislative decision of a board of county commissioners is subject to the referendum process. A legislative decision is one that enacts a permanent law or lays down a rule of conduct or course of policy for the guidance of citizens or their officers. Any matter of a permanent or general character is a legislative decision[.]

The circuit court cited to the definition of "legislative decision" in SDCL 7-18-15.1 and held that a rejection of a proposed amendment to an ordinance is not a legislative decision because it enacts nothing.

[¶14.]    Petitioner argues that the Board's rejection of the proposed amendment constitutes a legislative act. We disagree. In following the statutes and their internal cross-references, the legislative intent is that only an affirmative action effecting some change in an existing ordinance or the passing of a new ordinance, as referenced in SDCL 7-18A-15, may be referred to a referendum vote.

Only a decision by the Board that produced some change to the status quo of the ordinance constitutes an "act" under the plain language of SDCL 7-18A-15.1. Additionally, SDCL 7-18A-15.1 is nearly identical to SDCL 9-20-19, with the exception that SDCL ch. 9-20 governs municipal government actions. In *Wang v. Patterson*, 469 N.W.2d 577 (S.D. 1991), this Court discussed the distinction between legislative and administrative decisions, noting that "all municipal action cannot be subject to local review by the electorate. If government is to function there must be some area in which representative action will be final." *Wang*, 469 N.W.2d at 579 (additional citations omitted). We went on to state that "where discretion is left to the local government as to what it may do, when the local government acts, it acts legislatively and its actions are subject to normal referendum procedure." *Id.* Once again the language from *Wang* contemplates that the local government did act in some way. The Board's refusal in this case was not an act; it is, as the circuit court held, nothing.

[¶15.]      This must be the result because whether an act produces change or not dictates what recourse is available for the proponents of the change, namely, a petition for either an initiative or a referendum. This Court has long recognized the distinction between initiative and referendum.

> Initiative is the constitutional reservation of power in the people to propose bills and laws and to enact or reject them at the polls independent of the legislative assembly. Referendum, on the other hand, is a right constitutionally reserved to the people of the state or local subdivisions thereof to have submitted for their approval or rejection any act, or part of any act, passed by the legislature which in most cases would, without action on the part of the electorate, become a law.

#25681

*Byre v. City of Chamberlain*, 362 N.W.2d 69, 79 (S.D. 1985). *See also Brendtro v. Nelson*, 2006 S.D. 71, ¶ 26, 720 N.W.2d 670, 679; *Christensen v. Carson*, 533 N.W.2d 712, 714 (S.D. 1995). Furthermore, "the purpose of referendum is to suspend or annul laws which are not yet effective in order to provide the people a means of expressing their desire regarding a legislative proposition." *Byre*, 362 N.W.2d at 79. This Court recognized in 1913 that "the exercise of the referendum . . . is in effect the exercise of the veto power." *State ex rel. Wagner v. Summers*, 33 S.D. 40, 50, 144 N.W.730, 732 (1913). Examining the procedure preceding a referendum vote and the purpose of the referendum, it is clear that the proposed amendment cannot be submitted to the referendum process because the Board rejected the proposal. The proposed amendment is not a law or legislative proposition passed by the Board. The public would be asked to vote on an amendment the Board had rejected, a request that would be unknown in South Dakota history and against statutory language.

## CONCLUSION

[¶16.] Because the Board's rejection of Petitioner's proposed amendment was not a legislative decision, it is not referable to the referendum process. The circuit court's denial of Petitioner's application for a writ of mandamus is affirmed.

[¶17.] KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.