#26367-a-LSW

**2012 S.D. 89**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JIMMY KRSNAK and
LINDA L. KRSNAK,                                   Appellants,

v.

SOUTH DAKOTA DEPARTMENT OF
ENVIRONMENT and NATURAL
RESOURCES, STEVEN M. PIRNER,
DEPARTMENT SECRETARY and STAFF,
IN THEIR OFFICIAL CAPACITIES,             Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE MARK BARNETT
Judge

\* \* \* \*

JAY M. LEIBEL of
Issenhuth & Leibel, LLP
Madison, South Dakota                         Attorneys for appellants.

MARTY J. JACKLEY
Attorney General

PATRICIA ARCHER
Assistant Attorney General
Pierre, South Dakota                          Attorneys for appellees.

\* \* \* \*

ARGUED NOVEMBER 7, 2012

OPINION FILED **12/12/12**

#26367

WILBUR, Justice

[¶1.]     The Krsnaks sought a writ of mandamus to stay or rescind the Department of Environment and Natural Resources' (DENR) approval of the plans and specifications for the Brant Lake Sanitary District project. The Krsnaks claim DENR did not meet the requirements contained in statutes, administrative rules, and internal manuals. The trial court denied the writ of mandamus. The Krsnaks appeal. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.]     The Brant Lake Sanitary District was organized under SDCL chapter 34A-5 to provide a wastewater system for 235 residents and businesses near Brant Lake in Lake County, South Dakota. On March 26, 2012, DENR approved plans and specifications for the Brant Lake Sanitary District's wastewater treatment facility (Brant Lake facility) in accordance with SDCL 34A-2-27(1). Residents and businesses near Brant Lake currently utilize private septic systems to handle their wastewater disposal. The Brant Lake facility plans propose to join and expand the Chester Sanitary District's existing wastewater disposal system.

[¶3.]     Chester's current treatment system consists of two cells or lagoons covering approximately eight acres. In order to accommodate the increased flow of wastewater from Brant Lake, the plans include the construction of an additional treatment lagoon, which will tie into the existing two-cell lagoon system. Further, the plans include the construction of additional piping to transport wastewater to the treatment lagoons.

[¶4.] Chester's existing wastewater disposal system operates under a surface water discharge permit that was previously issued by DENR under SDCL 34A-2-36. Currently, the water discharge from the Chester facility flows into Skunk Creek, a tributary of the Big Sioux River. Once the Brant Lake facility is completed, discharge will continue to flow into Skunk Creek. Because the Brant Lake facility is an add-on to the Chester facility, there are no pending applications for any state-issued environmental permits by the Brant Lake Sanitary District. However, when the Chester surface water discharge permit comes up for renewal, the application permit will include the Chester and Brant Lake facility in its entirety.

[¶5.] Jimmy and Linda Krsnak reside in Lake County where they operate a vegetable farm called "Linda's Gardens." The Krsnaks' home and business are near the proposed lagoon. The Krsnaks assert that the raw sewage from the Brant Lake and Chester facility will enter the lagoon closest to the Krsnaks' home, potable well, and business. The Krsnaks estimate that their well is approximately 1000 feet from the lagoon and that their home is approximately 1090 feet from the lagoon. Water from the Krsnaks' well is consumed by the Krsnaks and their employees, is used for the irrigation of vegetable fields, and is used to clean and hydrate vegetables prior to sale. Accordingly, the Krsnaks have opposed both the Chester and Brant Lake facilities.

[¶6.] After DENR approved the plans for the Brant Lake facility, the Krsnaks filed an application for a writ of mandamus with the trial court on April 23, 2012. The application sought a writ ordering DENR to "stay the approval of the

[Brant Lake Sanitary District] project until all requirements of the [internal manuals], administrative rules and law have been met." On the same day, the trial court entered an alternative writ of mandamus directing DENR to show cause why a permanent writ of mandamus should not issue. On May 2, 2012, the trial court filed an amended alternative writ of mandamus ordering the parties to appear on May 14, 2012, for a hearing on DENR's anticipated motion to quash.

[¶7.] On May 4, 2012, DENR filed a motion to quash the amended alternative writ of mandamus. The trial court held a hearing on May 14, 2012, and issued a bench decision denying the Krsnaks' request for mandamus relief. The Krsnaks appeal on the following issue: Whether the trial court abused its discretion in denying the writ of mandamus requiring DENR to comply with applicable South Dakota statutes, administrative rules, and DENR internal guidelines in approving the plans and specifications for the Brant Lake facility.

## STANDARD OF REVIEW

[¶8.] "This Court reviews the decision to grant or deny a writ of mandamus under an abuse of discretion standard." *Grant Cnty. Concerned Citizens v. Grant Cnty. Bd. of Comm'rs*, 2011 S.D. 5, ¶ 6, 794 N.W.2d 462, 464 (citing *Vitek v. Bon Homme Cnty. Bd. of Comm'rs*, 2002 S.D. 45, ¶ 5, 644 N.W.2d 231, 233). "An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." *Argus Leader v. Hagen*, 2007 S.D. 96, ¶ 7, 739 N.W.2d 475, 478 (quoting *Schafer v. Deuel Cnty. Bd. of Comm'rs*, 2006 S.D. 106, ¶ 4, 725 N.W.2d 241, 243). Further, "[s]tatutory interpretation and application are

questions of law that we review de novo." *State v. Goulding*, 2011 S.D. 25, ¶ 5, 799 N.W.2d 412, 414.

## ANALYSIS AND DECISION

[¶9.]　　South Dakota law allows a trial court to issue a writ of mandamus where no "plain, speedy, and adequate remedy [exists] in the ordinary course of law." SDCL 21-29-1,[1] -2. "A writ of mandamus is an extraordinary remedy that will issue only when the duty to act is clear." *Woodruff v. Bd. of Comm'rs for Hand Cnty.*, 2007 S.D. 113, ¶ 3, 741 N.W.2d 746, 747 (quoting *Baker v. Atkinson*, 2001 S.D. 49, ¶ 16, 625 N.W.2d 265, 271); *see also Atkinson v. City of Pierre*, 2005 S.D. 114, ¶ 26, 706 N.W.2d 791,799 (stating that "[m]andamus can only issue when the duty to act is unequivocal"). A writ of mandamus "commands the fulfillment of an existing legal duty, but creates no duty itself, and" does not act "upon . . . doubtful or unsettled law." *Woodruff*, 2007 S.D. 113, ¶ 3, 741 N.W.2d at 747 (quoting *Sorrels v. Queen of Peace Hosp.*, 1998 S.D. 12, ¶ 6, 575 N.W.2d 240, 242). "To prevail on a writ of mandamus or prohibition, Petitioners must show 'a clear legal right to performance of the specific duty sought to be compelled and the [respondent] must have a definite legal obligation to perform that duty.'" *Cheyenne River Sioux Tribe*

---

1.　　The full text of SDCL 21-29-1 provides:

> The writ of mandamus may be issued by the Supreme and circuit courts, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

*v. Davis*, 2012 S.D. 69, ¶ 13, 822 N.W.2d 62, 66 (quoting *H & W Contracting, LLC v. City of Watertown*, 2001 S.D. 107, ¶ 24, 633 N.W.2d 167, 175) (alteration in original).

[¶10.]     "Mandamus may only be used to compel ministerial duties, not discretionary duties." *Sorensen v. Sommervold*, 2005 S.D. 33, ¶ 9, 694 N.W.2d 266, 269 (citing *Willoughby v. Grim*, 1998 S.D. 68, ¶ 8, 581 N.W.2d 165, 168). "[W]hen public officials have a mandatory duty to perform . . . mandamus may require performance" but mandamus may not dictate details when there is discretion in how the duty is to be performed. *Id.* ¶ 9. Further, "an application for a writ of mandamus in the form of an affidavit [i]s sufficiently analogous to a complaint in a civil action to permit a defendant to move to quash the alternative writ" if a plaintiff's application is found insufficient. *McDonald v. State*, 86 S.D. 570, 574, 199 N.W.2d 583, 585 (1972).

*Statutes: SDCL 34A-2-27 and SDCL 34A-2-29*

[¶11.]     The Krsnaks argue that the trial court improperly quashed the writ of mandamus because DENR had a duty to abide by the first provision of SDCL 34A-2-27.[2] Under the first provision of SDCL 34A-2-27, the Krsnaks argue that DENR should have required the Brant Lake Sanitary District to obtain a construction permit. Specifically, the provision requires "a valid construction permit from the water management board for the disposal of all wastes which are, or may be, discharged thereby into the *groundwaters* of the state[.]" SDCL 34A-2-27 (emphasis

---

2.     The parties agree that SDCL 34A-2-27 has two distinct provisions.

added).  The State argues that this portion of SDCL 34A-2-27 is inapplicable.  We agree.

[¶12.]    The Krsnaks claim that the Brant Lake facility "seepage" will inevitably discharge into the surrounding groundwater and thus, require the facility to obtain a construction permit in compliance with the first provision of SDCL 34A-2-27.  While the record indicates that the Brant Lake facility will discharge surface water into Skunk Creek, the Krsnaks' application was insufficient to establish that the Brant Lake facility would discharge into the groundwaters of this State.  Because the Krsnaks' application for writ of mandamus failed to adequately establish groundwater discharge, the trial court correctly determined that DENR did not have a clear duty to obtain a construction permit under SDCL 34A-2-27.

[¶13.]    The Krsnaks also argue that DENR abused its authority under the second provision of SDCL 34A-2-27 and SDCL 34A-2-29.  Specifically, the second portion of SDCL 34A-2-27 provides:

> [N]or may any person carry on any of the following activities without approval of plans and specifications from the secretary of the department pursuant to § 34A-2-29 for the disposal of all wastes which are, or may be, discharged thereby into surface waters of the state:
> (1) The construction, installation, modification, or operation of any disposal system or part thereof, or any extension or addition thereto[.]

SDCL 34A-2-29 provides that "[t]he secretary, under such conditions *as the secretary may prescribe, may require* the submission of such plans, specifications, and other information *as the secretary deems necessary . . . .*"  (Emphasis added.)  Although "the Legislature cannot abdicate its essential power to enact basic policies into law[,] . . . once the Legislature has created broad policy through its enactments,

it may delegate in the execution of that policy certain quasi-legislative powers or functions to executive or administrative officers or agencies[.]" *State v. Moschell*, 2004 S.D. 35, ¶ 15, 677 N.W.2d 551, 558 (citing *Boe v. Foss*, 76 S.D. 295, 313, 77 N.W.2d 1, 11 (1956)). The Legislature sets "standards to guide those officers or agencies in the exercise of such powers." *Id.*

[¶14.]     Here, the Legislature established the overall fundamental policy regarding the prevention and regulation of water pollution in South Dakota. *See* SDCL chapter 34A-2 (covering "Water Pollution Control"). Further, the Legislature granted DENR the power to carry out these legislative objectives. *See* SDCL 34A-2-28. The record demonstrates that the Brant Lake Sanitary District submitted plans and specifications to DENR for approval and that those plans were appropriately reviewed and approved. The discretionary language in both SDCL 34A-2-27 and SDCL 34A-2-29 is indicative of the Secretary's authority to act. Because those statutes gave DENR discretion to approve the plans for the Brant Lake facility, the trial court did not err in denying the writ based on DENR's alleged failure to abide by SDCL 34A-2-27 or SDCL 34A-2-29.

[¶15.]     Further, the Krsnaks' application for writ of mandamus failed to establish that DENR disregarded a clear duty to act under SDCL 34A-2-27 or SDCL 34A-2-29. Those statutes gave DENR discretion to require plans and specifications as DENR deemed necessary to carry out applicable administrative rules and statutes.[3] DENR's approval of the Brant Lake facility plans and specifications was

---

3.     DENR acknowledged, however, that this discretion cannot be "absolute" or "unfettered."

not a ministerial act, but rather an appropriate exercise of the discretion afforded DENR under SDCL 34A-2-27 and SDCL 34A-2-29. Accordingly, the trial court did not abuse its discretion in finding that DENR did not disregard a clear duty to act under either SDCL 34A-2-27 or SDCL 34A-2-29. *See Woodruff*, 2007 S.D. 113, ¶ 3, 741 N.W.2d at 747 (citing *Baker,* 2001 S.D. 49, ¶ 16, 625 N.W.2d at 271).

*Administrative Rules*

[¶16.]     The Krsnaks argue that the trial court improperly quashed the writ of mandamus because DENR failed to follow the appropriate administrative rules when reviewing the plans and specifications for the Brant Lake facility. "Administrative rules have 'the force of law and are presumed valid.'" *State v. Guerra*, 2009 S.D. 74, ¶ 32, 772 N.W.2d 907, 916 (quoting *Sioux Falls Shopping News, Inc. v. Dep't of Revenue & Regulation*, 2008 S.D. 34, ¶ 24, 749 N.W.2d 522, 527). "[A]n agency is usually given a reasonable range of informed discretion in the interpretation and application of its own rules when the language subject to construction is technical in nature or ambiguous, or when the agency interpretation is one of long standing." *Id.* ¶ 32 (quoting *Nelson v. S.D. State Bd. of Dentistry*, 464 N.W.2d 621, 624 (S.D. 1991)). Further, "[a]dministrative regulations are subject to the same rules of construction as are statutes." *Westmed Rehab, Inc. v. Dep't of Soc. Servs.*, 2004 S.D. 104, ¶ 8, 687 N.W.2d 516, 518 (citing *Schroeder v. Dep't of Soc. Servs.*, 1996 S.D. 34, ¶ 9, 545 N.W.2d 223, 227-28). "When regulatory language is clear, certain and unambiguous, our function is confined to declaring its meaning as clearly expressed." *Id.*

[¶17.]    Here, the applicable administrative rules can be found under article 74:53, which addresses "Water Supply and Treatment Systems."  There are five chapters under this title, one of which has been repealed.  *See* ARSD 74:53:03.  Each remaining chapter covers a different aspect of water supply and treatment systems.  DENR evaluated the plans and specifications for the Brant Lake facility under article 74:53:04, entitled "Works of Sanitary Significance."  The Krsnaks do not contend that DENR abused its discretion in evaluating the plans and specifications of the Brant Lake facility in accordance with ARSD 74:53:04 or that DENR acted in violation of ARSD 74:53:04.

[¶18.]    Rather, the Krsnaks claim that DENR failed to consider applicable administrative rules under chapter 74:53:01, titled "[i]ndividual and small on-site wastewater systems."[4]  An individual on-site wastewater system is defined as "a system or facility for treating, neutralizing, stabilizing, or dispersing wastes from *one source*[.]"  ARSD 74:53:01:01(30) (emphasis added).  DENR contends that chapter 74:53:01 is inapplicable because the Brant Lake facility will receive waste from more than one source and because the Brant Lake add-on does not constitute a "small on-site wastewater system."  We agree.  The Brant Lake facility will provide

---

4.    Our previous statements regarding the application of titles within the statutory context are equally applicable when reviewing administrative rules.  "This court may refer to [a] title in an effort to interpret the statute at issue."  *In re Certification of a Question of Law from the U.S. Dist. Court Dist. of S.D., W. Div.*, 402 N.W.2d 340, 342 (S.D. 1987) (citation omitted).  Although not determinative, a title may nonetheless be instructive.  However, "[t]he title or heading of a statute may not be used to lessen or expand the meaning of the statute."  *Id.* (citing *Olson v. City of Sioux Falls*, 63 S.D. 563, 262 N.W. 85, 87 (1935)).

a wastewater disposal system to approximately 235 persons within the Brant Lake community. Therefore, the rules in ARSD 74:53:01 do not apply to the Brant Lake Sanitary project.

[¶19.] Even if DENR were required to comply with administrative rules under ARSD 74:53:01,[5] an examination of the specific rules cited by the Krsnaks establish that they do not apply in this instance. Specifically, the Krsnaks assert that DENR was required to comply with ARSD 74:53:01:15, which addresses the "[s]eparation required above groundwater or geological formations." The Krsnaks rely on appendices A-2 and A-3 of their brief, which were purportedly attached to their "affidavit in support of response to respondent's motion to quash the amended writ of mandamus." However, a review of the settled record reveals that the only document actually attached to that affidavit is a one-page list of documents that the Krsnaks included as exhibits to their trial brief. The trial brief, however, was not filed and therefore, the appendices the Krsnaks rely on are not part of the record before this Court.

[¶20.] Further, an examination of the language of ARSD 74:53:01:15 removes any question about its applicability to the Brant Lake facility. The rule establishes certain requirements for "an absorption bed, trench, or seepage pit bottom . . . septic tank, or any other component of a subsurface absorption system[.]" The definitions

---

5. Here, we decline to address any other administrative rules that the Krsnaks allege were improperly complied with by DENR. In its initial application for writ of mandamus before the trial court, the Krsnaks made a general assertion that "specific portions of administrative rules" were not followed by DENR. However, the only rule specifically referenced by the Krsnaks was ARSD 74:53:01:15.

found in ARSD 74:53:01:01 demonstrate that the Brant Lake facility, which is designed with a lagoon, does not fall within these categories. Accordingly, we cannot say that DENR had any duty, much less an unequivocal duty, to act under ARSD 74:53:01:15. *See Atkinson*, 2005 S.D. 114, ¶ 26, 706 N.W.2d at 799. Therefore, the trial court did not abuse its discretion in denying the Krsnaks' writ of mandamus for DENR's alleged failure to comply with administrative rules under chapter 74:53:01.

*Internal Manuals*

[¶21.] Finally, the Krsnaks argue that the trial court erred in quashing the writ of mandamus because DENR failed to apply its own internal guidelines when it approved the plans and specifications for the Brant Lake facility. Specifically, the Krsnaks assert that DENR was required to consider the specifications outlined in two separate manuals. The first is the Recommended Design Criteria Manual for Wastewater Collection and Treatment Facilities (RDCM), a DENR manual published in 1991.[6] The second is a document entitled the Recommended Standards for Wastewater Facilities (RSWF), a document published by ten states termed the "Great Lakes – Upper Mississippi River," a group that does not include South Dakota. This document was last updated in 2004.

[¶22.] In support of its contention that DENR's failure to abide by these manuals was faulty, the Krsnaks cite to case law addressing the importance of

---

6. The affidavit of DENR engineer, Andrew Bruels provides that the guidelines within the RDCM "have not been adopted as rules by DENR" and that the document serves as "a guide for use by professional engineers in designing and preparing plans and specifications for wastewater facilities."

compliance with administrative rules, statutes, and ordinances. Yet, the manuals and the guidelines at issue have not been codified within our statutes or administrative rules. If DENR had "a specific duty to act, that duty must be apparent in state law[.]" *See Jensen v. Lincoln Cnty. Bd. of Comm'rs*, 2006 S.D. 61, ¶ 11, 718 N.W.2d 606, 610-11. Further, the titles of the documents themselves suggest that they are "Recommended Standards" and "Recommended Design Criteria." Therefore application of the standards would be discretionary on DENR's part. Accordingly, the trial court did not abuse its discretion in quashing the writ of mandamus for DENR's alleged failure to apply internal guidelines in the manner urged by the Krsnaks because DENR did not have a clear duty to apply the RDCM and RSWF when considering the plans and specifications for the Brant Lake facility.

## CONCLUSION

[¶23.]     To prevail the Krsnaks must show a clear legal right to performance of the specific duty sought to be compelled (rescission by DENR of approval of the plans and specifications for the Brant Lake facility) and DENR must have a definite legal obligation to act (rescind the approval of the plans and specifications). The Krsnaks have not met their burden to show either their clear legal right or that DENR disregarded a clear duty to act under the applicable statutes, administrative rules, or manuals. Accordingly, the trial court did not abuse its discretion in denying the Krsnaks' application for writ of mandamus.

[¶24.]     Affirmed.

#26367

[¶25.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and

SEVERSON, Justices, concur.