#26352-a-GAS

**2013 S.D. 20**

# IN THE SUPREME COURT

## OF THE

## STATE OF SOUTH DAKOTA

\* \* \* \*

R. SHAWN TORNOW,                                     Applicant and Appellant,

    v.

SIOUX FALLS CIVIL SERVICE
BOARD and BILL O'TOOLE,
CIVIL SERVICE BOARD SECRETARY,          Respondents and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE ROBERT A. MILLER
Justice (Retired), sitting as a circuit court judge

\* \* \* \*

TIMOTHY R. WHALEN of
Lake Andes, South Dakota                    Attorney for applicant
                                         and appellant.

LISA HANSEN MARSO of
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota                    Attorneys for respondents
                                         and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 8, 2013

OPINION FILED **02/27/13**

SEVERSON, Justice.

[¶1.] R. Shawn Tornow worked for the City of Sioux Falls as an Assistant City Attorney. On August 27, 2010, he was terminated for violating various subsections of Sioux Falls City Ordinance 30-46. Tornow appealed the termination, and applied for an alternative writ of mandamus to compel discovery of certain documents including personnel records of other city employees. Ultimately, the trial court denied the writ of mandamus because Tornow did not prove the existence of a clear legal duty to act. Tornow appeals, arguing that (1) the trial judge did not have jurisdiction to preside over the writ of mandamus; (2) the trial court abused its discretion in denying the writ of mandamus; and (3) the trial court abused its discretion in denying his motion for a new trial. We affirm the trial court.

## BACKGROUND

[¶2.] R. Shawn Tornow was employed as an Assistant City Attorney for the City of Sioux Falls from March 1995 until August 27, 2010. The City terminated Tornow's employment on August 27, 2010. The City determined that Tornow was guilty of misconduct because he violated six specific subsections of Sioux Falls City Ordinance 30-46,[1] which governs causes for employee demotion, discharge, and suspension.

[¶3.] On August 30, 2010, Tornow filed written notice that he would appeal his termination to the City of Sioux Falls Civil Service Board. The Civil Service

---

1. Since Tornow's termination, the City has updated and renumbered its ordinances. Sioux Falls City Ordinance 30-46 is now Sioux Falls Code of Ordinances § 39.059.

Board conducts hearings and makes determinations when civil service employees appeal terminations or disciplinary action from City management. After receiving Tornow's appeal notice, the Civil Service Board set an appeal hearing date, which was later postponed,[2] and provided notice to Tornow of the members of the Board who would hear his appeal. Tornow objected to the appointment of members proposed by the Civil Service Board to hear his appeal.

[¶4.] In January 2011, Judge William J. Srstka granted Tornow an alternative writ of prohibition to contest the panel of members proposed by the Civil Service Board and issues relating to Board counsel. This writ action was given case number 11-25. It was assigned a judge, but there were various requests for changes of judges, including requests by Tornow. Second Circuit Presiding Judge Kathleen Caldwell requested that South Dakota Supreme Court Chief Justice David Gilbertson appoint a judge to hear the case. Ultimately, Chief Justice Gilbertson assigned Retired Justice Robert A. Miller to act as a circuit judge in the matter.

[¶5.] Acting Circuit Judge Miller held a hearing on Tornow's writ, case number 11-25, on July 21, 2011. On August 9, 2011, Judge Miller entered findings of fact and conclusions of law on the writ.[3]

---

2. Due to procedural delays and appeals, including the two writ actions and this appeal by Tornow, the Civil Service Board has not conducted an appeal hearing for Tornow's August 27, 2010 termination.

3. The record does not contain a copy of the writ of prohibition, the order, or findings of fact and conclusions of law for case number 11-25. Neither party states whether the writ was ultimately granted or denied.

[¶6.]     On August 2, 2011, after the hearing, but before the entry of findings of fact and conclusions of law on the 11-25 writ, Tornow applied for an alternative writ of mandamus related to several discovery requests.  Judge Srstka again granted the writ, which was assigned case number 11-2481.  On August 15, 2011, Presiding Judge Caldwell entered an order assigning the case to Acting Circuit Judge Miller.  On August 19, 2011, Chief Justice Gilbertson again appointed Judge Miller to hear the case because all of the Second Circuit judges were disqualified or unable to act in the matter.  Tornow contested Judge Miller's appointment, but Chief Justice Gilbertson determined that there was no mechanism to request recusal of a judge appointed by the Chief Justice.  Chief Justice Gilbertson denied Tornow's request.

[¶7.]     Judge Miller held a hearing on the 11-2481 writ on December 13, 2011.  The hearing included testimony from Tornow and arguments regarding whether certain personnel files of other city employees were subject to discovery.  Following the hearing, Judge Miller reviewed the personnel files that Tornow requested and determined that the files were not relevant to Tornow's appeal of his termination.  In February 2012, Judge Miller ordered that the personnel files were not subject to discovery.  On March 15, 2012, Judge Miller issued a memorandum decision regarding the personnel files and the writ of mandamus, but did not enter formal findings of fact and conclusions of law.

[¶8.]     On March 19, 2012, Tornow filed a motion for a new trial.  On April 3, 2012, Judge Miller denied the motion for a new trial and entered findings of fact and conclusions of law regarding the personnel files and writ of mandamus, findings

of fact and conclusions of law regarding the motion for a new trial, and an order and judgment denying the writ.

[¶9.] Tornow appeals. He argues that (1) the trial judge did not have jurisdiction to preside over the writ of mandamus in case number 11-2481; (2) the trial court abused its discretion in denying the writ of mandamus; and (3) the trial court abused its discretion in denying his motion for a new trial. Tornow did not appeal any issues regarding the writ of prohibition in case number 11-25.

## STANDARD OF REVIEW

[¶10.] We review issues of jurisdiction de novo because they are questions of law. *Knapp v. Hamm & Phillips Serv. Co.,* 2012 S.D. 82, ¶ 11, 824 N.W.2d 785, 788 (citing *Martin v. Am. Colloid Co.,* 2011 S.D. 57, ¶ 8, 804 N.W.2d 65, 67). We review "'the decision to grant or deny a writ of mandamus under an abuse of discretion standard.'" *Krsnak v. S.D. Dep't of Env't & Natural Res.,* 2012 S.D. 89, ¶ 8, 824 N.W.2d 429, 433 (quoting *Grant Cnty. Concerned Citizens v. Grant Cnty. Bd. of Comm'rs,* 2011 S.D. 5, ¶ 6, 794 N.W.2d 462, 464). "'An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence.'" *Argus Leader v. Hagen,* 2007 S.D. 96, ¶ 7, 739 N.W.2d 475, 478 (quoting *Schafer v. Deuel Cnty. Bd. of Comm'rs,* 2006 S.D. 106, ¶ 4, 725 N.W.2d 241, 243). "Further, 'statutory interpretation and application are questions of law that we review de novo.'" *Krsnak,* 2012 S.D. 89, ¶ 8, 824 N.W.2d at 433 (quoting *State v. Goulding,* 2011 S.D. 25, ¶ 5, 799 N.W.2d 412, 414). Finally, "'[t]he decision to grant a new trial is left in the sound judicial discretion of the trial court and the decision will not be disturbed absent a clear showing of abuse of discretion.'"

*Surgical Inst. of S.D., P.C. v. Sorrell*, 2012 S.D. 48, ¶ 9, 816 N.W.2d 133, 136-37

(quoting *Onnen v. Sioux Falls Indep. Sch. Dist. No.* 49–5, 2011 S.D. 45, ¶ 18, 801

N.W.2d 752, 757).

## DISCUSSION

[¶11.]      **1.**      **Whether the trial judge had jurisdiction to preside over the writ of mandamus in case number 11-2481.**

[¶12.]      There are various rules for assigning a judge to hear a case when other judges recuse themselves. The South Dakota Constitution authorizes the Chief Justice of the South Dakota Supreme Court to assign current or retired justices to sit as judges in circuit courts around the state. S.D. Const. art. V, § 11. The Supreme Court has adopted procedural court rules for the Chief Justice to make an appointment when all available judges in a circuit recuse themselves from a case. *See* SDCL 15-12-34 and SDCL 15-12-35. A party to an action may request a judge disqualify himself or herself by filing an affidavit. SDCL 15-12-22. If "all the judges of the circuit are disqualified or are unable to act in such action, the presiding judge of the circuit" will file an order to that effect and request that the Supreme Court assign another judge. *See* SDCL 15-12-34. When the presiding judge files an order with the clerk of courts that "all of the judges of the circuit are disqualified or are unable to act[,]" the clerk of courts will forward the following to the clerk of the Supreme Court:

> (1) A certified copy of the affidavit for change of judge;
> (2) A certified copy of the order of the presiding judge determining that all the judges of [the] circuit are disqualified or unable to act; and
> (3) A signed statement in duplicate showing the title of the action, the name and address of each attorney of record

> therein, the date of filing of such affidavit, the general nature
> of the action and the status thereof.

*Id.* Once the clerk of the Supreme Court receives the documents required by SDCL 15-12-34, the Chief Justice assigns another "judge to preside in such action by filing an order with the clerk of the Supreme Court, and from the filing of such order the judge therein designated shall have full power, authority, and jurisdiction to proceed in said action." SDCL 15-12-35. Once a judge is assigned by the Chief Justice, there is no recusal process for the judge on assignment under article V, § 11 of the South Dakota Constitution.

[¶13.] Tornow filed an affidavit requesting a change of judge after Judge Miller was assigned by Chief Justice Gilbertson to hear the 11-2481 writ of mandamus. Judge Miller was previously assigned by Chief Justice Gilbertson to hear the 11-25 writ of prohibition after Presiding Judge Caldwell determined that all of the Second Circuit judges were disqualified from the matter. There was some confusion as Tornow filed two alternative writ actions. Both the 11-25 and 11-2481 writs were filed as part of the same underlying action, which was Tornow's appeal of his employment termination to the City of Sioux Falls Civil Service Board. Both of the writ proceedings included the same parties. Tornow does not contest the original assignment of Judge Miller. Instead, he argues that the procedures under SDCL 15-12-34 were not followed for the 11-2481 writ of mandamus, and thus, Judge Miller could not exercise jurisdiction over the second writ.

[¶14.] On August 15, 2011, Presiding Judge Caldwell entered an order on the request for a writ of mandamus, assigned case number 11-2481, to Judge Miller. Although technically she did not use the procedures outlined in SDCL 15-12-34,

jurisdiction is not affected. On August 19, 2011, Chief Justice Gilbertson entered an order appointing Judge Miller to hear the case, and his action is determinative. Because Judge Miller was assigned the case by Chief Justice Gilbertson, according to SDCL 15-12-35 and under the authority of article V, § 11 of the South Dakota Constitution, there is no mechanism for Tornow to appeal the assignment of Judge Miller. Judge Miller was properly assigned to hear the writ of mandamus in case number 11-2481.

[¶15.]     **2.     Whether the trial court abused its discretion in denying the writ of mandamus.**

[¶16.]     A trial court may "issue a writ of mandamus where no 'plain, speedy, and adequate remedy [exists] in the ordinary course of law.'" *Krsnak*, 2012 S.D. 89, ¶ 9, 824 N.W.2d at 433-34 (alteration in original) (quoting SDCL 21-29-2). *See also* SDCL 21-29-1. "'A writ of mandamus is an extraordinary remedy that will issue only when the duty to act is clear.'" *Krsnak*, 2012 S.D. 89, ¶ 9, 824 N.W.2d at 434 (quoting *Woodruff v. Hand Cnty. Bd. of Comm'rs*, 2007 S.D. 113, ¶ 3, 741 N.W.2d 746, 747). A writ of "[m]andamus can only issue when the duty to act is unequivocal." *Atkinson v. City of Pierre*, 2005 S.D. 114, ¶ 26, 706 N.W.2d 791, 799 (citing *Black Hills Cent. R.R. Co. v. City of Hill City*, 2003 S.D. 152, ¶ 13, 674 N.W.2d 31, 34). "'It commands the fulfillment of an existing legal duty, but creates no duty itself, and acts upon no doubtful or unsettled right.'" *Id.* (quoting *Sorrels v. Queen of Peace Hosp.,* 1998 S.D. 12, ¶ 6, 575 N.W.2d 240, 242). Further, a writ of mandamus is used to "'compel ministerial duties, not discretionary duties.'" *Krsnak*, 2012 S.D. 89, ¶ 10, 824 N.W.2d at 434 (quoting *Sorensen v. Sommervold*, 2005 S.D. 33, ¶ 9, 694 N.W.2d 266, 269).

[¶17.]     There is no clear legal duty to act in this case. In his findings of fact and conclusions of law, Judge Miller determined that Tornow needed to demonstrate the Civil Service Board had a clear legal duty to act, and Tornow did not sustain his burden by proving that the Board had a clear legal duty to act. In this appeal, Tornow again failed to demonstrate that the Civil Service Board has a legal obligation to release certain personnel records in response to a discovery request. Tornow argues that Sioux Falls Ordinance 30-49, which governs the Civil Service Board's appeals hearing, requires discovery. However, this ordinance does not require that the Civil Service Board issue subpoenas and request documents. The ordinance merely gives the Civil Service Board the discretion to use these tools in conducting its proceedings. Further, the Civil Service Board's appeal rules state that "[a]ny *relevant* evidence may be admitted except where precluded by statute if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs." City of Sioux Falls, Rules of the Civil Service Board, Rule 7(c)(II)—Rights of the Parties (May 2004) (emphasis added). This rule requires that evidence be relevant to be admitted. The determination of relevancy of evidence is a discretionary act of the Civil Service Board, not a mandatory, legal obligation. Judge Miller reviewed *in camera* the personnel records Tornow requested and he determined that the records were not relevant to Tornow's termination appeal. The Civil Service Board's rules allow discretion in discovery and do not constitute a ministerial duty. Thus, Tornow's writ of mandamus fails because it does not compel the fulfillment of a clear legal duty.

[¶18.]     **3.     Whether the trial court abused its discretion in denying Tornow's motion for a new trial.**

[¶19.]     South Dakota law allows for a party to move for a new trial based on a number of causes. *See* SDCL 15-6-59(a). Tornow moved for a new trial based on SDCL 15-6-59(a)(1) and (6). Section 15-6-59(a)(1) allows for a new trial based on "[i]rregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial[.]" Section 15-6-59(a)(6) allows for a new trial based on "[i]nsufficiency of the evidence to justify the verdict or other decision or that it is against law[.]"

[¶20.]     Tornow argues that Judge Miller's February 8, 2012 order denying discovery of personnel records was an irregularity in the proceedings because Judge Miller did not enter formal findings of fact and conclusions of law as part of that order. Tornow points to SDCL 15-6-52(a), which requires that a judge enter oral or written findings of fact and conclusions of law, which may be an opinion or a memorandum of decision. However, SDCL 15-6-52(a) does not require that judges enter separate documentation of formal findings of fact and conclusions of law for every motion in an action. In this case, Judge Miller wrote and filed with the court and counsel a memorandum dated March 15, 2012 explaining his decision to deny the writ of mandamus and not allow discovery of the personnel files. Then, Judge Miller waited to enter formal findings of fact and conclusions of law on all of the issues and motions in the case until he had received and considered Tornow's motion for a new trial. The memorandum decision dated March 15, 2012 and formal findings of fact and conclusions of law dated April 2, 2012 were timely and appropriately entered.

[¶21.] In addition, after reviewing the personnel records, Judge Miller made specific findings that there was no similarity of conduct between the records of requested individuals and Tornow's conduct; that the contents of the personnel files were not relevant; and that Tornow did not prove that the contents of the personnel files were discoverable. Judge Miller's *in camera* review of the personnel records was not an abuse of discretion because it protected the confidentiality of the persons in the records and allowed Judge Miller to determine what, if any, information was relevant to the case. Judge Miller's review of the personnel records allowed him to follow the standard for discovery motions that "the information sought is 'relevant to the subject matter involved in the pending action . . . .'" *Kaarup v. St. Paul Fire & Marine Ins. Co.*, 436 N.W.2d 17, 20 (S.D. 1989) (quoting SDCL 15-6-26(b)(1)).

[¶22.] Further, though Tornow moves for a new trial on the basis of insufficiency of the evidence, he fails to "state the particulars wherein the evidence is claimed to be insufficient[,]" as required by SDCL 15-6-59(a). As the record does not specify which evidence is claimed to be insufficient, we cannot address this issue.

[¶23.] Based on our review of the record, including Judge Miller's formal findings of fact and conclusions of law, there was no abuse of discretion in Judge Miller's ruling denying the motion for a new trial.

## CONCLUSION

[¶24.] We affirm the trial court. Judge Miller properly exercised jurisdiction over the writ of mandamus in case number 11-2481. The trial court did not abuse its discretion by denying the writ of mandamus because Tornow did not prove the

existence of a clear legal duty to act. Finally, the trial court did not abuse its discretion by denying the motion for a new trial.

[¶25.]     KONENKAMP, Acting Chief Justice, and ZINTER, and WILBUR, Justices, and MANDEL, Circuit Court Judge, concur.

[¶26.]     MANDEL, Circuit Court Judge, sitting for GILBERTSON, Chief Justice, disqualified.