#28377-a-JMK
**2018 S.D. 24**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

WILLIAM E. COESTER and
JUDY A. COESTER,                                          Petitioners and Appellants,


            v.


WAUBAY TOWNSHIP, an
organized township and political
subdivision of the State of
South Dakota, and THEODORE
WASILK a/k/a TED WASILK,
NEIL HOLSHER and TERRY
ZUBKE, each in their capacity as
Township supervisors,                                      Respondents and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
DAY COUNTY, SOUTH DAKOTA
\* \* \* \*
THE HONORABLE JON S. FLEMMER
Judge

\* \* \* \*

WILLIAM E. COESTER of
Coester Schwandt Law Office
Milbank, South Dakota                          Attorneys for petitioners
                                               and appellants.


JAY M. LEIBEL
Madison, South Dakota                          Attorneys for respondents
                                               and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 8, 2018
OPINION FILED **03/14/18**

#28377

KERN, Justice

[¶1.]          William and Judy Coester (Petitioners) made numerous requests to Waubay Township to maintain roads accessing their property. After the Township refused each request to maintain the roads, Petitioners applied for a writ of mandamus from the circuit court. The circuit court denied the writ, determining that the Township had no duty to maintain the roads as they were not part of the township road system. We affirm.

## Facts and Procedural History

[¶2.]          Petitioners own property on the south shore of Enemy Swim Lake, in Waubay Township (Township), Day County, South Dakota. South Bay Drive bisects Petitioners' property, and Snyder Drive runs adjacent to the southern boundary. These two roads connect to Dinkle Drive, which in turn connects to BIA Highway 500. The roads connecting to BIA Highway 500 have been dedicated to public use and platted as such. However, the Township has never maintained or removed snow from South Bay Drive, Snyder Drive, or Dinkle Drive, despite numerous requests from Petitioners to do so.

[¶3.]          Petitioners, in an attempt to force the Township to maintain these roads, sought a writ of mandamus from the circuit court. Petitioners admitted in their January 2017 petition for a writ that the Township had never maintained the roads. However, Petitioners claimed that the Township possessed the resources to do so and that the Township had previously exercised jurisdiction over the roads. In support of their claim, Petitioners requested that the circuit court take judicial

-1-

notice of two easements, which the court received into evidence. The easements had been granted by the Township and dated October 31, 1992, and October 24, 1995, and provided the owners of various lots in Petitioners' subdivision perpetual easements for placing utilities and water lines under, over, in, or across the roadways running between the owners' lots.

[¶4.] On February 1, 2017, the circuit court held a hearing on the petition for a writ of mandamus. On June 30, 2017, the circuit court issued a detailed memorandum decision denying the writ. According to the circuit court, the issue was whether the roads in question were *township roads* under SDCL 31-13-1. SDCL 31-13-1 provides in part that "[t]he board of township supervisors shall . . . maintain all of the township roads *within the township*" (emphasis added), which the court stated "clearly indicates that a 'township road' within the township is something different than simply a road within the township[.]" While acknowledging that SDCL 31-13-1 does not define *township roads*, the court highlighted the statutory definition of a *township road system*. The court observed that *township road systems* are defined in SDCL 31-13-1 as section line roads; judicially declared roads; roads impliedly accepted by the township through maintenance; and other roads designated as being on the township road system by a board resolution. The court then concluded that the Legislature's decision "to limit the responsibility for . . . maintenance of roads . . . to all of the 'township roads' clearly indicate[ed] that the township has responsibility for . . . maintenance of only those roads on the township road system."

[¶5.]     On August 2, 2017, the circuit court issued findings of fact and conclusions of law as well as its judgment and order.   In its findings of fact and conclusions of law, which incorporated the memorandum decision, the court noted that the Township had never signed or approved any plat containing the roads at issue.  Additionally, it found that the Township granted the easements simply "to assist the landowners in obtaining utilities and water."  In its conclusions of law, the court determined that the roads were "private roads dedicated to the public pursuant to SDCL 11-3-12[.]"

[¶6.]     Petitioners appeal the order denying the petition for a writ of mandamus, arguing the court erred by determining that the roads were private roads and that the Township had no statutory duty to maintain the roads.

### Analysis and Decision

[¶7.]     "This Court reviews the decision to grant or deny a writ of mandamus under an abuse of discretion standard." *Krsnak v. S.D. Dep't of Env't & Nat. Res.*, 2012 S.D. 89, ¶ 8, 824 N.W.2d 429, 433.  An abuse of discretion is "a fundamental error of judgment, a choice outside the reasonable range of permissible choices, a decision . . . [that], on full consideration, is arbitrary or unreasonable." *Wald, Inc. v. Stanley*, 2005 S.D. 112, ¶ 8, 706 N.W.2d 626, 629.  However, "statutory interpretation and application are questions of law that we review de novo." *Krsnak*, 2012 S.D. 89, ¶ 8, 824 N.W.2d at 433.  We discern legislative intent primarily using the language of the statute, giving the Legislature's words plain meaning and effect within the context they are used.  *See Perdue, Inc. v. Rounds*, 2010 S.D. 38, ¶ 9, 782 N.W.2d 375, 378.

[¶8.]     SDCL 31-13-1 provides in part:

> The board of township supervisors shall construct, repair, and maintain all of the *township roads within the township* except for section lines designated as no maintenance section lines pursuant to § 31-13-1.4 and roads designated as no maintenance roads pursuant to § 31-13-1.6.  The *township road system* consists of section line roads; judicially declared roads; roads impliedly accepted by the township through routine performance of certain maintenance activities, such as grading, graveling and snow removal, and accepting funds from the county pursuant to §§ 32-11-4.1 and 32-11-6 for a period of at least fifteen years; and any other roads designated by resolution of the board as being on the township road system.

(Emphasis added.)  An aggrieved party may seek a writ of mandamus when a township fails to maintain township roads.  *See Asper v. Nelson*, 2017 S.D. 29, ¶ 12, 869 N.W.2d 665, 668.  However, a petitioner "must have a clear legal right to have a service performed by the party to whom he seeks to have the writ directed."  *S.D. Trucking Ass'n, Inc. v. S.D. Dep't of Transp.*, 305 N.W.2d 682, 684 (S.D. 1981).

[¶9.]     The parties agree that the roads in question do not fall under the Township's township road system as defined in SDCL 31-13-1.  However, they dispute whether the roads must be part of the township road system to be considered a *township road*.  The statute does not define *township road*, and Petitioners contend that the statute requires maintenance of any township road regardless "whether they are on the township road system or not."

[¶10.]    Petitioners cite *Calhoon v. Sell*, 71 F. Supp. 2d 990, 1003 (D.S.D. 1998), for the proposition that a township must also maintain any highway within the township.  In *Calhoon*, the federal district court stated that "a highway within an organized township which . . . is not part of the state trunk system, not part of a

-4-

county highway system, and not a highway which the county has formally agreed to maintain under the provisions of SDCL 31-12-28 to 31-12-40 must be maintained by the board of township supervisors until the highway is abandoned or vacated as provided by law." *Id.* However, the district court's decision in *Calhoon* relied on an older version of SDCL 31-13-1, which provided: "It shall be the duty of the board of township supervisors to arrange for the construction, repair, and maintenance of all *secondary* roads within the township." (Emphasis added.) In 2012, the Legislature amended the statute by replacing the word "secondary" with "township" and by listing the types of roads comprising the township road system. 2012 S.D. Sess. Laws ch. 158, § 1.[1]

[¶11.]     As the circuit court observed, the amended statute requires that a township maintain "all . . . *township* roads *within the township.*" SDCL 31-13-1 (emphasis added). This language indicates that the Township possesses a narrower duty than a duty to maintain *all* roads within the Township's boundaries. Rather, it must maintain only "*township* roads." *Id.* (emphasis added). Thus, Petitioners'

---

1.     The statute previously read:

> The board of township supervisors shall construct, repair, and maintain all of the secondary roads within the township. The board shall, at its annual meeting, designate which secondary roads are full maintenance roads and which are minimum maintenance roads. The board of township supervisors shall publish any resolution designating a secondary road as minimum maintenance if such road is a school route. The designation shall be final, after a lapse of thirty days, unless appealed as provided in chapter 31-3.

argument that SDCL 31-13-1 obligates the Township "to maintain *all* roads within the township" fails.[2]

[¶12.] Petitioners also argue that these roads act as highways. *Highways* are defined under SDCL 31-1-1 as "[e]very way or place of whatever nature open to the public, as a matter of right, for purposes of vehicular travel. The term, highway, does not include a roadway or driveway upon grounds owned by private persons[.]" SDCL 31-1-5(3) further defines "township highways" as "secondary highways in organized townships *that are administered by a board of township supervisors*[.]" (Emphasis added.) However, Petitioners do not address whether "township highways" are necessarily "township roads" for purposes of SDCL 31-13-1. Petitioners also admit that the Township never maintained the roads. Indeed, Petitioners offer no evidence that the Township "administered" the roads aside from granting the utility and water easements.

[¶13.] Further, the Township argues that it never accepted the roads when they were dedicated to the public. In *Selway Homeowners Ass'n v. Cummings*, 2003 S.D. 11, ¶ 20, 657 N.W.2d 307, 313, we outlined the prerequisites for dedication and acceptance of a public highway by a public entity. We stated that there must be "an unconditional offer by the grantor to create a public highway and there must be an unconditional acceptance by the appropriate public entity that it

---

2. Petitioners also cite *Willoughby v. Grim*, 1998 S.D. 68, ¶ 8, 581 N.W.2d 165, 168, quoting, "The right of travelers to accessible township roads surpasses mere privilege. By statute, the board of supervisors must repair and maintain all *township or secondary highways*[.]" (Emphasis added.)

   However, *Willoughby* cited the prior version of SDCL 31-13-1 and SDCL 31-1-5(3), the latter of which defines township highways specifically.

becomes one." *Id.*; *accord Niemi v. Fredlund Twp.*, 2015 S.D. 62, ¶ 32, 867 N.W.2d 725, 733. Here, the circuit court found that the Township neither signed nor approved a plat dedicating the roads to the public. Additionally, the court stated in its memorandum decision that "[t]here was no evidence presented that the roads had been impliedly accepted by the township."

[¶14.] From our review of the record, it does not appear the Township accepted responsibility over the roads. Theodore Wasilk, township supervisor, submitted an affidavit concurring with a statement in Petitioners' application that the "roads have been used for more than 50 years by the public generally, and were *accepted*, *controlled*, but not maintained as a public highway in Waubay Township, Day County, South Dakota, since initial platting[.]" (Emphasis added.) Yet Wasilk did not concede that the roads were accepted or controlled as public highways *by the Township*, and there is no evidence any other entity has maintained the roads as public highways. Further, Wasilk averred that the Township had "never accepted these roads into the township road system" or had ever performed "any repair or maintenance on those roads."

[¶15.] Petitioners have not met their burden of proving that the Township is required to maintain the roads under SDCL 31-13-1. Therefore, the circuit court did not abuse its discretion in denying the petition for writ of mandamus.

[¶16.] Affirmed.

[¶17.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and JENSEN, Justices, concur.