#28531-a-SRJ
**2018 S.D. 69**

* * * *

DOYLE THOMPSON, DEBRA
HUBER, ALLEN SKATVOLD and
DENNIS D. EVENSON,                                    Petitioners and Appellants,

    v.

PAM L. LYNDE, in her capacity as
Deuel County Auditor; and LYNN
PEDERSON, STEVE RHODY, GARY
JAEGER, DEANNE DUMKE, and
GARY DEJONG, in their capacities as
Deuel County Commissioners,                           Respondents and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
DEUEL COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CARMEN MEANS
Judge

* * * *

THOMAS F. BURNS                          Attorney for petitioners
Watertown, South Dakota                  and appellants.


DANNY R. SMEINS                          Attorney for respondents
Britton, South Dakota                    and appellees.

* * * *

CONSIDERED ON BRIEFS ON
AUGUST 27, 2018
OPINION FILED **09/26/18**

#28531

JENSEN, Justice

[¶1.]        The Appellants submitted three petitions to the Deuel County Auditor seeking referendum on an ordinance amending the Wind Energy System (WES) Requirements of the Deuel County Zoning Ordinance. The Auditor rejected two of the petitions, leaving an insufficient number of valid signatures to trigger a referendum election. The Appellants appeal the circuit court's denial of an application for a writ of mandamus. We affirm.

## Background

[¶2.]        On May 23, 2017, the County Commissioners of Deuel County, South Dakota passed Ordinance B2004-01-23B. The title of the ordinance read:

Ordinance B2004-01-23B

AN ORDINANCE ENTITLED, An Ordinance to amend Section 1215 Wind Energy System (WES) Requirements Adopted by Ordinance B2004-01, July 6, 2004, as amended, of the Zoning Ordinance of Deuel County.

The Auditor's notice of adoption of the ordinance was published on May 31, 2017.

[¶3.]        After the notice was published, the Appellants began circulating petitions to obtain the necessary signatures to refer the ordinance for a special election. The Appellants circulated three different petitions (Petition 1, Petition 2, and Petition 3). All three petitions were timely submitted to the Auditor.

[¶4.]        On July 11, 2017, the Auditor informed the Appellants that only Petition 1, containing 19 signatures, was accepted. The Auditor rejected Petitions 2 and 3 for failing to comply with SDCL 7-18A-17. The Auditor noted that Petition 2, containing 51 signatures, was missing the title of the ordinance, and Petition 3, containing 252 signatures, was missing the words "Wind Energy Systems (WES)

Requirements" from the title of the ordinance as well as the date the ordinance was passed.[1] After rejecting Petitions 2 and 3, the Auditor determined that the Appellants had collected only 19 of the 145 signatures needed for a referendum on the ordinance.

[¶5.] The Appellants sought a writ of mandamus to compel the Auditor to accept the rejected petitions and schedule a special election on the ordinance. The issue was submitted to the circuit court on affidavits and written arguments. The court denied the application for writ of mandamus determining that Petitions 2 and 3 were properly rejected by the Auditor because they did not substantially comply with the statutory requirements of SDCL 7-18A-17. The Appellants appeal the circuit court's decision as to Petition 3, asking this Court to determine that Petition 3 substantially complied with the requirements of SDCL 7-18A-17.

## Standard of Review

[¶6.] "This Court reviews the decision to grant or deny a writ of mandamus under an abuse of discretion standard." *Coester v. Waubay Twp.*, 2018 S.D. 24, ¶ 7, 909 N.W.2d 709, 711 (quoting *Krsnak v. S.D. Dep't of Env't & Nat. Res.*, 2012 S.D. 89, ¶ 8, 824 N.W.2d 429, 433). "An abuse of discretion is 'a fundamental error of judgment, a choice outside the reasonable range of permissible choices, a decision that, on full consideration, is arbitrary or unreasonable.'" *Id.* (quoting *Wald, Inc. v.*

---

1. Petition 3 described the ordinance as follows:

    Ordinance B2004-01-23B an Ordinance amending Section 1215 adopted by Ordinance B2004-01 July 6, 2004, as amended, of the Zoning Ordinance of Deuel County.

*Stanley*, 2005 S.D. 112, ¶ 8, 706 N.W.2d 626, 629). "[S]tatutory interpretation and application are questions of law that we review de novo." *Id.* (quoting *Krsnak*, 2012 S.D. 89, ¶ 8, 824 N.W.2d at 433).

## Analysis

[¶7.] The Appellants argue that the circuit court abused its discretion in denying the writ of mandamus because the defects in Petition 3 were mere technicalities presenting no reasonable risk of confusion, fraud, or corruption. *See Headley v. Ostroot*, 76 S.D. 246, 249, 76 N.W.2d 474, 475–76 (1956) (stating that substantial compliance with statutes relating to petition and referendum is necessary to "prevent fraud or corruption in securing the petitions").[2] The Appellees argue that the circuit court acted within its discretion in denying mandamus relief because the Auditor properly rejected Petition 3 for failing to comply with the requirements of SDCL 7-18A-17.

[¶8.] A writ of mandamus "is an extraordinary remedy that will issue only when the duty to act is clear." *Baker v. Atkinson*, 2001 S.D. 49, ¶ 16, 625 N.W.2d 265, 271. This Court has stated that,

> [m]andamus is a potent, but precise remedy. Its power lies in its expediency; its precision in its narrow application. It commands the fulfillment of an existing legal duty, but creates no duty

---

2. The Appellants also argue that Petition 3 substantially complied with SDCL 7-18A-17 because the description of the ordinance on the rejected petition is the same description used by the Auditor in the published notice of adoption. However, unlike Petition 3, the body of the Auditor's notice contained the full title of the ordinance, identifying that the ordinance amended the "Wind Energy System (WES) Requirements" of the Deuel County Zoning Ordinance. Additionally, the Auditor's notice set forth the entire text of the amended ordinance, the date of passage, and the date the ordinance would become effective. There is nothing in the Auditor's notice that was misleading or otherwise excused the Appellants' substantial compliance with the statute.

> itself, and acts upon no doubtful or unsettled right. To prevail in seeking a writ of mandamus, the petitioner must have a clear legal right to performance of the specific duty sought to be compelled and the respondent must have a definite legal obligation to perform that duty.

*Sorrels v. Queen of Peace Hosp.*, 1998 S.D. 12, ¶ 6, 575 N.W.2d 240, 242 (citations omitted).

[¶9.] SDCL 2-1-11 provides that petitions for referendum "shall be liberally construed, so that the real intention of the petitioners may not be defeated by a mere technicality." "For this reason, 'we begin with a presumption that petitions which are circulated, signed, and filed are valid.'" *Baker*, 2001 S.D. 49, ¶ 18, 625 N.W.2d at 271 (quoting *Larson v. Hazeltine*, 1996 S.D. 100, ¶ 19, 552 N.W.2d 830, 835). However, the statutory requirements "governing a referendum petition are substantial in character and not merely requirements of form." *Id.* ¶ 19 (quoting *Bjornson v. City of Aberdeen*, 296 N.W.2d 896, 899 (S.D. 1980)). "These requirements, must, therefore, have been substantially complied with in order to render the petition valid." *Id.* (quoting *Bjornson*, 296 N.W.2d at 899).

[¶10.] Substantial compliance means

> actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*Id.* (quoting *Larson*, 1996 S.D. 100, ¶ 19, 552 N.W.2d at 835).

[¶11.] The plain language of SDCL 7-18A-17 requires a referendum petition to include the title and date of passage of an ordinance:

> If the matter intended to be covered by a referendum petition is the whole of any ordinance or resolution, *the petition shall contain the title of such ordinance* or the subject of such resolution, *and the date of its passage,* but if only a portion of such ordinance or resolution is intended to be covered by the petition, such portion shall be set out at length.

(Emphasis added.)

[¶12.]     Petition 3 included the ordinance number and section of the zoning ordinance that was amended, but the Petition failed to identify the full title of the ordinance—namely that the amended zoning ordinance involved "Wind Energy System (WES) Requirements." The Petition also failed to provide the date of the ordinance's passage. In *Baker*, this Court noted that SDCL 7-18A-17 *requires* a referendum petition to contain the title and date the challenged ordinance passed, stating, that "Those are the express conditions set forth in the governing statutes." 2001 S.D. 49, ¶ 21, 625 N.W.2d at 272.

[¶13.]     These express conditions in SDCL 7-18A-17 ensure that the face of the referendum petition readily informs a prospective signatory of the nature of the challenged ordinance, the date of its passage, and that the voter's signature corresponds to the actual ordinance being challenged. To excuse compliance with these requirements would frustrate the statute's purposes. Because Petition 3 failed to substantially comply with the requirements of SDCL 7-18A-17, the circuit court properly denied the Appellants' petition for writ of mandamus.

[¶14.]     GILBERTSON, Chief Justice, ZINTER, KERN, and SALTER, Justices, concur.